*Howk* and *Nelson,* for the plaintiff.
*Farnham,* for the defendant.

---

RICKS *v.* DOE, on the Demise of WRIGHT.

A subsequent conveyance of real estate, although first recorded, will not prevail against

a prior one which is not recorded until after the expiration of the time prescribed by law, if the subsequent purchaser had actual notice of the prior conveyance.

ERROR to the *Perry* Circuit Court.

Holman, J.—Ejectment for a lot of land in the town of *Rome.* *Wright,* the plaintiff's lessor, claimed title to the premises by virtue of a deed of conveyance, executed to him by *Crume* on the 10th of *June,* 1829, and acknowledged and recorded on the same day. After the plaintiff had exhibited his title, the defendant, who claimed as landlord of the premises, offered in evidence a deed executed to him by the said *Crume,* for the same lot, on the 18th of *March,* 1822, and acknowledged on the same day, but not recorded until the 20th of *August,* 1829. He also offered *Lamb,* the recorder of the county, who had taken the acknowledgment of both deeds, as a witness to prove that the lessor of the plaintiff, before he purchased the lot, had notice of the existence of the defendant's deed. This deed and parol evidence were rejected by the Circuit Court, and the plaintiff obtained a verdict and judgment.

This case turns upon the question, whether a subsequent deed, though first recorded, will hold the legal estate against a prior deed of which the subsequent purchaser had notice, when the prior deed was not recorded within twelve months after its execution? The act of assembly of 1818, pointing out the mode of conveying real estate, which was in force when the defendant's deed was executed, and which, being re-enacted in 1824, still continues to be the law, declares, that unless a deed is recorded within twelve months after it is executed, it shall be adjudged fraudulent and void against a subsequent purchaser for a valuable consideration, unless such deed be recorded before the recording of the deed under which the subsequent purchaser claims. Stat. 1818, p. 207.—R. C. 1824, p. 333 (1).

Under the registry acts in *England,* and the regulations respecting the recording of deeds in most of the *United States,* it never has been questioned but that a subsequent purchaser, with notice of a prior deed though not recorded, is chargeable with fraud in a Court of equity, although his deed is regularly recorded. He is considered as a *mala fide* purchaser, uniting with the vendor to defraud the prior vendee; and neither justice nor good conscience will permit him to retain what he

knew, at the time of his purchase, was the property of another. *Wyatt* v. *Barwell*, 19 Ves. 435.—*Le Neve* v. *Le Neve*, 3 Atk. 646. —*Gillespie* v. *Moon*, 2 Johns. C. R. 585. To give our act of assembly the most rigid construction, and declare that the deed of *Ricks* was absolutely void as to *Wright*, notwithstanding his notice of the prior deed, still, if the fact of notice were clearly established, it would vitiate his title, and a Court of chancery would consider him as holding the legal estate in trust for *Ricks*. This would in fact have been the case, if *Ricks* had held but a title-bond for the lot; and his taking a deed cannot render his claim less available in equity.

There is not, however, the same uniformity of decision as to the right of a Court of law to take cognizance of the fraud. It is a general rule, that fraud is cognizable in Courts of law as well as in Courts of equity. The same rules of construing statutes prevail in both; and each is bound to give such a construction, as will carry the evident intention of the legislature into effect. Hence the conclusion is fairly deducible, that a Court of law is not bound to give efficacy to a claim founded on a deed evidently vitiated by fraud, whether direct or constructive. The case of *Jackson* v. *Burgott*, 10 Johns. R. 457, is directly in point, so far as the principle is concerned, as the act of assembly of New-York is the same as ours. And the following language used by Ch. J. *Kent* in that case is not inapplicable to this, on the supposition that the defendant substantiates the fact of notice: "When the statute says that every deed, not recorded, shall be adjudged fraudulent and void against a subsequent purchaser for a valuable consideration, whose deed shall be recorded, it undoubtedly meant a subsequent purchaser *in good faith*, and who did not purchase with a fraudulent intent. A subsequent purchaser, *mala fide*, is not within the purview of the act and not intended to be protected; for the statute never meant to give sanction to fraud, or to render a fraudulent act legal."

We are therefore of opinion, that the evidence was improperly rejected; that the defendant had a right to show that the plaintiff's lessor had notice of his deed before he purchased; that the purchase was fraudulent; and that no estate was derived by it which is available either in law or equity.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Hall* and *Dewey,* for the plaintiff.

*Battell,* for the defendant.

(1) Accord. R. C. 1831, p. 270.