Nov. Term,
1861.

ROSSER *v.* BINGHAM.

ROSSER
v.
BINGHAM.

In *August*, 1850, *A.* obtained a decree in chancery against *B.*, for the specific performance of a contract for the purchase of a tract of land, by which said land was ordered to be conveyed to him. A commissioner was appointed to make the deed, which was made, reported to the Court, approved, and recorded among the records of the Court, but was not recorded in the recorder's office until *January*, 1855. Pending the suit for specific performance, *B.* sold and conveyed the land to *C.*, who afterward conveyed to *D.*, who purchased for a valuable consideration, and in good faith, and had his deed duly recorded.

*Held*, that by the law requiring the recording of deeds, it was intended that such record should be constructive notice, and should dispense with proof of actual notice of incumbrances, transfers, &c.

*Held*, also, that the record of the chancery suit was not such constructive notice as was binding upon the purchasers subsequent to *C.*

*Held*, also, that though the statute (R. S. 1843, § 86, p. 845) made the decree itself, in the absence of a commissioner's deed, operate as a transfer of title in substance therein specified, yet to constitute notice, it should be recorded in the county where the land is situated.

*Saturday,*
*December* 14.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—*Bingham* brought suit to recover possession of a certain tract of land, and to quiet the title thereto. Plaintiff had judgment for twenty-six acres. By brief of counsel, and agreed statement of facts filed, but a single point is presented for our consideration.

In *August*, 1850, *Bingham* obtained a decree in chancery in the Circuit Court in said county against one *Jeffries*, for the specific performance of a contract, before then entered into, for the purchase of said land, whereby the same was ordered to be conveyed to him, a commissioner appointed and a conveyance made, reported to the Court, approved, and recorded among the records of said Court; but not in the recorder's office, among the records of deeds, until *January* 23, 1855.

In the mean time, before the decree, *Jeffries* had by separate deeds conveyed the land in two parcels. As to the fourteen acres not recovered by *Bingham*, in this suit, there is now no controversy. As to the twenty-six acres, for which judgment was recovered, one *Webster*, to whom the same

had been conveyed pending the suit for a specific perform-

ance, and who held possession some time after the determ- ination of that suit, to wit, in 1852, conveyed the same to one *Johnson*, under whom the defendant claims. *Webster*, and those claiming under him, had their several deeds duly recorded in the recorder's office. *Johnson* paid $250 for the land, in good faith, and was put in possession.

The question presented is, whether, under these circumstances, *Johnson* acquired a good title, in consequence of the fact that the commissioner's deed to *Bingham* was not placed upon record in the recorder's office of the county, until after he had purchased?

At that time the section of R. S. 1843, § 25, p. 418; § 54, p. 423, was in force, requiring all deeds and instruments whereby any estate or interest in lands might be affected in law or equity, except, &c., to be recorded in ninety days; if not, to be considered fraudulent, &c. as against subsequent purchasers, in good faith, and for a valuable consideration. Also, § 3, p. 454, which provided, that all judgments, &c. should be a charge and operate as a lien upon real estate liable to execution, &c.; and § 85, p. 845, to wit, that "The decree of a court of chancery shall, from the time it is pronounced, have the force, effect, and operation of a judgment at law." And also, § 86, *id.*, to wit, "When a decree shall be made for a conveyance, &c. and the party against whom such decree is made does not comply therewith, &c., such decree shall be considered, deemed, and taken, in all courts of law and equity, to have the same operation, force and effect, and be as available in every respect as if the conveyance had been executed according to the decree."

The law requiring the registry or recording of deeds, &c. was intended as constructive notice, and to supply the place, or rather to dispense with the proof, of actual notice of incumbrances, liens, transfers, &c., of lands. If the deed of the commissioner had been recorded it would have been constructive notice to all, of the claim of *Bingham* to the lands in dispute. 1 Story's Eq., § 403. Was the record of the court of chancery such notice as ought to have put *Johnson* upon his guard and upon inquiry. 1 Story's Eq., § 400 and

note. It is admitted that *Webster*, having purchased pending suit, did not acquire a valid title, but it is insisted that, as *Bingham* did not record his deed in ninety days, *Webster* had the power to sell and convey, and a purchaser, for a valuable consideration without actual notice, might acquire a valid title to the lands after that time.

It has been held by this Court, *Ricks* v. *Doe*, 2 Blackf. 346, that actual notice of the prior conveyance makes the subsequent purchase fraudulent, and therefore the purchaser was not entitled, as a purchaser in good faith, to the benefit of a statute similar to that of 1843. This appears to be placed upon the ground that where the subsequent purchaser had notice of the prior unrecorded conveyance, he could not be said to be a purchaser in good faith. See, also, 1 Story's Eq., § 397, and cases cited. In the case at bar the statement of facts is, that the deed to *Johnson* "was executed for the consideration of two hundred and fifty dollars, which was paid in good faith by said *Johnson*," &c.

The question again recurs, was the record in the chancery proceeding constructive notice, and if so, what was the effect of that part of the agreed statement of facts above quoted? We are of opinion that the record was not such constructive notice as was binding upon the purchasers subsequent to *Webster*. See Sug. on Vend. and Pur., chap. 17, as to the common law on that point. We are not very well able to perceive any good reason distinguishing this case from that of a judgment at law followed by a sale under an execution issued thereon. In the latter class of cases, it has been decided that a purchaser at sheriff's sale, who fails to have his deed duly recorded, stands, in respect to the registration laws, as if he had purchased from the execution defendant. It seems to follow, that his title, thus situated, might be defeated by a purchase of a later date, made without notice, in good faith, and for a valuable consideration. *Doe* v. *Hall*, 2 Ind. 556; *Orth* v. *Jennings*, 8 Blackf. 420. It is true, the judgment at law does not transfer the title, as it is supposed the decree in certain instances may, under the statute; but nevertheless, a sale upon an execution, and the return thereon, form a record, and might, in like manner, be said to put the

Nov. Term,
1861.

purchaser on inquiry. At the time of the rendition of this decree, an action to enforce a specific performance was not, as at present, local to the county where the land was situated; and it appears to us that, although the statute, in the absence of a commissioner's deed, made the decree itself operate as a transfer of title in instances and for reasons therein specified; yet it is manifest that, to be constructive notice, it should be recorded in the county where the land was situated. If this is the general rule, we do not think that the fact that the suit to enforce specific performance, in this instance, happened to be brought in the county where the land was situate, should make it an exception to the general rule. If it had been brought in any other county, a decree obtained, and commissioner's deed, and neither recorded in the county where the land was, certainly a purchaser could not be held to have constructive notice.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*S. A. Huff,* for the appellant.

*E. H. Brackett, G. S. Orth* and *J. A. Stein,* for the appellee.