L. D. HILL *v.* ANDREW MURRAY.

*Deed. Put on Inquiry. Charged with Notice in this case, the Contents of Deed. Ejectment.*

1. In an action of ejectment the contention was over a division line, and this turned on the question whether the defendant was chargeable with notice of the contents of an unrecorded deed, when he knew of the deed but not its terms. *Held,* that the defendant was put on inquiry, and that having notice of the deed he was bound by all its contents. This decision is not in conflict with *Brackett* v. *Wait,* 6 Vt. 411.
2. The Supreme Court will not pass upon questions which have not been raised and passed upon in the court below.

EJECTMENT. Trial by jury, September Term, 1882, Washington County, REDFIELD, J., presiding. Verdict for the plaintiff. The exceptions stated, in part:

"The defendant on trial claims, that inasmuch as the said deed to the plaintiff was not put on record until after said deed to defendant, the said deed to Sawyer should govern as to said line; but the court held, and so instructed the jury, that the defendant, having learned of the said conveyance to the plaintiff, was put upon his inquiry as to the terms of such deed although the same was not recorded, and that by the terms of such deed the true westerly line of said three-acre piece was the Arms line and that said deed from Newcomb to the plaintiff should govern."

*Heath & Carleton*, for the defendant.

There is nothing in the case to show that the defendant had any notice that there was any thing in the unrecorded deed that would in any way affect his rights, at the time he made his purchase.

Our claim is that the mere fact of his having learned of such conveyance to the plaintiff was not sufficient to put him upon his inquiry as to its terms, without at least some suggestions that he ought to do so, to determine the boundaries of the farm he was about to purchase; and that the deed to Sawyer should govern.

12

*Norcross* v. *Widgery*, 2 Mass. 506; *Jones* v. *Smith*, 1 Hare 43; 2 Lead. Cas. Eq. 127, 143; *Smith* v. *Yale*, 31 Cal. 180; 14 Mass. 296; 3 Vt. 255; 8 Vt. 373; *Brackett* v. *Wait*, 6 Vt. 411. Whether the circumstances were such as to put the defendant on his inquiry was a question of fact for the jury. *Chiles et al* v. *Conley's Heirs*, 2 Dana 21.

*W. P. Dillingham* and *Geo. W. Wing*, for the plaintiff.

In regard to the extent to which a purchaser is bound by constructive notice, and what a purchaser by a subsequent deed is presumed to know, the rule is that the law imputes to such a purchaser a knowledge of all the facts relating to the same land appearing at the time of his purchase upon the muniments of title which it was necessary for him to inspect in order to ascertain the sufficiency of such a title.

What would be constructive notice in such case, may be said to be a knowledge by the purchaser of some facts which would put him upon inquiry, and require him to examine other matters that would generally unfold the true title. All deeds referred to on which the title is based, must be examined at the purchaser's peril. 15 Pet. 93, 113; 7 Paige 591; 4 Ohio 446; 1 McCord 265; 3 Met. 405; 15 Ill. 542; 23 Ill. 476; 4 Kent Com. (12 ed.) 457; 1 Free. Ch. 323; 2 Blackf. (Ind.) 346; 13 Iowa 110; 22 N. H. 486; 27 Ill. 104; 14 Mass. 296; 4 N. H. 262; 6 N. H. 254.

The opinion of the court was delivered by

VEAZEY, J. It was conceded in argument that if the plaintiff's deed had been on record when the defendant made his purchase, the latter would have been limited to the "Arms line." It was not denied but that, as a general proposition, a purchaser having notice of an unrecorded deed to a third party, is put upon inquiry and is charged with notice of what he would presumably have learned by reasonable inquiry—in this case, the contents of the deed; but it was claimed that there is nothing in the case to show that the defendant had any notice that there was anything in the

unrecorded deed that would in any way affect his rights, at the time he made the purchase; that the mere fact of his having learned of such conveyance to the plaintiff was not sufficient to put him upon inquiry as to its terms as affecting the boundary of the farm he was about to purchase. This suggestion is not without force, but we think it is overcome by the proposition established by a long line of authority in England and America, that a purchaser, with notice of a deed, is bound by all its contents. Many of the authorities may be found in the notes to *Le Nere* v. *Le Neve*, 2 Lead. Cas. in Eq., 127, 143.

The foregoing is not a conflict with *Brackett* v. *Wait*, 6 Vt. 411, where it was held that to give effect to a deed of a prior date unrecorded, to one recorded, the second grantee must have notice of the execution, contents, and existence of the prior deed; because, as conceded, a party is chargeable with notice when he has such knowledge as puts him on inquiry, which, if pursued with reasonable diligence, would lead to exact knowledge. *Savings Bank* v. *National Bank*, 53 Vt. 82.

As there appears to have been no controversy as to the defendant's knowledge of the prior conveyance to the plaintiff, we think there was no error in the ruling of the County Court that the defendant was put on inquiry as to the terms of the plaintiff's deed. There was nothing for the jury on this point.

The only exception taken was to this ruling of the County Court. Other questions have been argued but as they were not raised and passed upon in the court below, they cannot be here.

Judgment affirmed.