JOHN N. KNAPP, JR., in equity, *vs.* CHARLES A. BAILEY.

Penobscot. Opinion March 1, 1887.

*Equitable mortgage. Evidence. R. S., c. 73, § 12. Notice. Actual notice.*

A grantee who conveys the land conveyed to him, to another, is a competent witness to testify against his own grantee that the absolute conveyance to

himself was but an equitable mortgage. He can testify where any other witness could, to impeach the title.

While the general rule is that the effect of a deed cannot be controlled by oral evidence, there is this exception, recently established, that, in equity, where the oral proof is clear and convincing, a deed absolute on its face may be construed to be a mortgage.

Section 12, ch. 73, R. S., which declares that the title of one who purchases property for a valuable consideration, cannot be defeated by a trust affecting the property, unless the purchaser has notice of the trust, while it may in peculiar instances mean constructive notice, in cases generally, including a case where the trust reduces an absolute deed to a mortgage, means actual notice.

Actual notice, as applicable to conveyances, does not necessarily mean actual knowledge; it may be express or implied; it may be proved by direct evidence, or may be implied (in that way proved) from indirect or circumstantial evidence; a person may have notice or its equivalent; may be estopped to deny notice;— in fine, the statutory actual notice is a conclusion of fact capable of being established by all grades of legitimate evidence.

The doctrine of actual notice implied by circumstances supports the rule, that, if a party has knowledge of such facts as would lead a fair and prudent man, using ordinary caution, to make further inquiries, and he avoids inquiry, he is chargeable with notice of the facts which, by ordinary diligence, he would have ascertained. Actual notice of facts which, to a prudent man, can only indicate notice — is proof of notice.

As to what would be a sufficiency of facts to excite inquiry, is too difficult of definition to admit of any definite rule, each case depending on its peculiar facts.

In this case the grantor, under whose deed the defendant claims, was out of possession, and never had been in possession; the defendant knew that others had controlled the property for many years; he examined the Registry, where he must have seen evidence inconsistent with the validity of his grantor's deed; he gave an insignificant price, taking a quitclaim deed; he made no inquiry of the grantor of the circumstances of his title, but on the other hand contended with him that he had no valuable title. These facts are held to amount to proof of actual notice.

*Spofford* v. *Weston*, 29 Maine, 140, modified.

On appeal from the judgment and decree of a single judge.

The opinion states the case.

*A. W. Paine and Charles P. Stetson*, for plaintiff, cited: *Ham* v. *Ham*, 14 Maine, 351; *Hains* v. *Gardner*, 10 Maine, 383; *Fox* v. *Widgery*, 4 Maine, 214; 1 Greenl. Ev. § 25; *Nourse* v. *Nourse*, 116 Mass. 101; *Weed* v. *Emerson*, 115 Mass. 554; *Sanford* v. *Sanford*, 135 Mass. 314; *Reed* v. *Reed*, 75 Maine, 265; Perry, Trusts, § 243; 4 Kent's Com. §

179; *Patten* v. *Moore*, 32 N. H. 385; *Woods* v. *Farmere*, 7 Watts, 382; *Brush* v. *Ware*, 15 Pet. 93; *Kent* v. *Plummer*, 7 Maine, 464; *Evans* v. *Chism*, 18 Maine, 220; *Daniels* v. *Davison*, 17 Ves. 433; *Hanly* v. *Sprague*, 20 Maine, 431; Hill, Trustees, §§ 510, 515, 516; Perry, Trusts, 219–223; *George* v. *Kent*, 7 Allen, 16; *Van Horne* v. *Fonda*, 5 Johns. Ch. 407.

*D. F. Davis and Charles A. Bailey*, for defendant.

In 1 Perry on Trusts, § 352, it is stated: "If the estate was originally conveyed to trustee for some particular purpose, as by way of security or idemnity, or to raise an annuity or portion, or for any other purpose, as soon as the purpose is accomplished, the trustees become mere dry trustees, and it is their duty to convey the estate to the beneficial owners. When, from lapse of time joined with other circumstances, there is a moral certainty that the purposes of the trust have all been accomplished, the court will act upon the certainty and presume a reconveyance, although there is no direct proof of the fact."

A conveyance may be presumed where the estate has been dealt with by the beneficial owner in a manner in which reasonable men do not deal with their estates unless they are legal as well as beneficial owners. 1 Perry on Trusts, § 354.

It is open to respondent upon this appeal to claim that upon the allegations in the bill, the plaintiff, as matter of law, is not entitled to the relief awarded, even though the objection appearing upon the face of the pleadings might have been taken by demurrer to the bill. *Smith* v. *Townsend*, 109 Mass. 500.

In *Flagg* v. *Mann*, 2 Sumner, 560–1, Judge STORY fully expresses the character and effect of a deed like this. And our own court say in *Farrar* v. *Eastman*, 10 Maine, 196, "The possession being by construction of law in the true owner, the terms of the deed, although it contains no covenants and although the consideration may have been merely nominal, were sufficient to transfer and convey the land."

"By this deed one-third of the land is conveyed absolutely, and the grantor cannot be heard to aver the contrary." *Weld.* v. *Madden*, 2 Cliff. 588; *Gilmer* v. *Poindexter*, 10 Howard,,

(U. S.) 267; *Van Rensselaer* v. *Kearney*, 11 Howard, 322; *McIldomey* v. *Williams*, 28 Pa. St. 492; *Wilkinson* v. *Scott*, 17 Mass. 256; see also 3 Wash. R. P. 4th Ed. 97; and in *Davenport* v. *Mason*, 15 Mass. 90, held, " Any evidence repugnant to the deed is inadmissible."

" The acts and admission of a grantor after the execution of his deed cannot be received in disparagement of the title already vested in his grantee." *Farwell* v. *Rogers*, 99 Mass. 35; *Padgett* v. *Lawrence*, 10 Paige, 170; *Jackson* v. *Gilchrist*, 15 Johns. 106.

The principle upon which testimony is admissible between the parties to the transaction to prove a conveyance absolute on its face, a mortgage, goes upon the ground that it is an element of the consideration upon which the deed is given. *Campbell* v. *Dearborn*, 109 Mass. 130, 142.

But it is at once apparent that this doctrine has no application to a case of this kind. He may convey without right, but he is estopped by his deed all the same. *Currier* v. *Earl*, 13 Maine, 224. The question here presented was raised in the case of *Taylor* v. *Luther*, 2 Sumner, 234.

In *Cole* v. *Lee*, 30 Maine, 397, the court say, " The defendant did not intend to convey a title which would be indefeasible against all, nor did he so agree ; but only against claims and titles caused by him or those claiming under him."

Upon both principle and authority, he is estopped from giving evidence the very effect of which must be to make him liable on his covenants, *Williamson* v. *Williamson*, 71 Maine, 442, unless it shall be held that this trust here set up is nothing for which he is any way responsible.

It has been held in a suit in equity that " a deed absolute on its face which purports to be given for a good and valuable consideration, carries with it the presumption that the grantee holds the land conveyed, to his own use, and this presumption cannot be rebutted by parol evidence. *Philbrook* v. *Delano*, 29 Maine, 410.

" If the consideration be valuable, it need not be adequate; mere inadequacy of consideration will not defeat a purchase for

a valuable consideration without notice." 1 Perry on Trusts, § 220 ; *Bassett* v. *Nosworthy*, 2 Lead. Cases, Eq. 103.

The change of Stat. 1821, c. 36, § 1, by R. S. of 1841, gave rise to a series of decisions of which, perhaps, that in *Spofford* v. *Weston*, 29 Maine, 140, is as comprehensive as any, as a judicial declaration of the rights and obligations of parties under this statute as amended, and it refers to and quotes from a similar decision in Massachusetts, the case of *Pomroy* v. *Stevens*, 11 Met. 244.

It has been held in a series of decisions that the "actual notice" of the statute is actual knowledge that a deed has been executed, not merely that a sale has been made. *Lamb* v. *Pierce*, 113 Mass. 72, and cases cited.

Observe that the two sections of the old revision are condensed into one, and the words "shall be considered to be actual notice," are now made to appear as "that is to be regarded as such notice," the two expressions representing the same legislative idea, unless the purpose to change the statute is made clearly to appear. *Hughes* v. *Farrar*, 45 Maine, 72.

In *Flagg* v. *Mann*, 2 Sumner, 554, Judge STORY says, "Indeed, the American courts seem indisposed to give effect to this doctrine of constructive possession in its most limited form. Thus in *Scott* v. *Gallagher*, 14 Serg. & R. 33, the court held that a possession of a *cestui que trust* and the exercise by him of acts of ownership were not constructive notice to a purchaser of the legal title from the trustee, but there should be direct, express and positive notice of the trust. This doctrine was probably enforced by considerations growing out of our registration acts which are designed, and with great justice, to protect purchasers against latent equities."

This subject is also extensively discussed in *Harris* v. *Arnold*, 1 R. I. 139.

It is contended by respondent that there can be no possession of such land as this, that will in any case afford constructive notice. *Patten* v. *Moore*, 32 N. H. 383 ; *Holmes* v. *Stout*, 10 N. J. Eq. 419 ; *Coleman* v. *Barklew*, 3 Dutch. 357 ; *McMechan* v. *Griffing*, 3 Pick. 149 ; *Brown* v. *Volkeniny*, 64 N. Y. 82 ;

*Pope* v. *Allen*, 90 N. Y. 298; *Grimestone* v. *Carter*, 3 Paige, 425.

Possession must be open, manifest, unequivocal and apparently by virtue of an unrecorded deed to be equivalent to registry. *Atwood* v. *Bears*, 47 Mich. 72. Must be open, notorious and exclusive. *Stafford Bank* v. *Sprague*, 17 Fed. Rep. 784. Should be inconsistent with the title upon which the plaintiff relies. *Staples* v. *Fenton*, 5 Hun. 172; *Cook* v. *Travis*, 20 N. Y. 400; *Lincoln* v. *Thompson*, 75 Mo. 613; *Harris* v. *Arnold*, 1 R. I. 139; 2 Pomeroy's Eq. Jur. § 620, and note; Hilliard on Vendors, 412; *Tilton* v. *Hunter*, 24 Maine, 29; *Bates* v. *Norcross*, 14 Pick. 224; *Harris* v. *Arnold*, *supra*, 135; 2 Pomeroy's Eq. Jur. § 658.

The notice that is to break in upon the registry acts must be such as will, with the attending circumstances, affect the party with fraud. *Dey* v. *Dunham*, 2 John. Ch. 190; *Bell* v. *Twilight*, 18 N. H. 164; *Fort* v. *Burch*, 6 Barb. 78; 2 Pomeroy's Eq. Jur. § 602.

It is claimed that respondent, being tenant in common with the orator at the time of the purchase of the Chapin and Gleason one-third, is precluded from setting it up against him. But this principle is not applicable to cases like this. This rule is generally applied either where the co-tenants derive title from a common source, as in *Van Horne* v. *Fonda*, 5 John. Ch. 407; or where the incumbrance is one in which all are alike interested in its removal; as, for example, a tax title upon the entire common property. 1 Wash. R. P. (4th ed.) 687.

But persons acquiring unconnected interests in the same subject, by distinct purchases, are not bound to any greater protection of one another's interests than would be required between strangers. See note to *Keen* v. *Sandford*, 1 Lead. Cas. in Eq. 74, 75.

PETERS, C. J. This bill seeks to remove a cloud overhanging complainant's title to an undivided parcel of land — in effect, to redeem the land from an equitable mortgage, the allegation being that the debt has been paid. We can have no reasonable doubt of the facts thus far alleged.

The defendant's grantor was called as a witness by the complainant. The defendant contends that his testimony was inadmissible, and cites cases which sustain the ordinary principle, that a grantor cannot dispute with his grantee the title which he has assumed to convey. The objection goes to the testimony, and not to the witness personally. The principle of estoppel, which is invoked, is aimed not against the witness because he is a grantor, but against any oral testimony to contradict the terms of a deed. As said by Judge CURTIS, in answer to the same objection, "the facts to be proved were *dehors* the record, and one witness was as competent, in point of law (to prove them), as another." Where a grantor is allowed to prove a fact by another, he may do so by himself. *Holbrook* v. *Bank*, 2 Curtis, 246.

It is true, as a general rule, that the effect of a deed cannot be controlled by oral evidence. But among the exceptions to the rule is, that, in equity, where the proof is clear and convincing, a deed absolute on its face may be construed to be an equitable mortgage. In *Rowell* v. *Jewett*, 69 Maine, 293, this exceptional doctrine was first allowed to have operation in this state. It was fully accepted in *Stinchfield* v. *Milliken*, 71 Maine, 567, where the opinion says: "But the transaction was in equity a mortgage — an equitable mortgage. The criterion is the intention of the parties. In equity, this intention may be ascertained from all pertinent facts, either within or without the written parts of the transaction. Where the intention is clear that an absolute conveyance is taken as a security for a debt, it is in equity a mortgage. The real intention governs." In *Lewis* v. *Small*, 71 Maine, 552, the same doctrine is admitted. It has since been affirmed in other cases, receiving an able discussion in the late case of *Reed* v. *Reed*, 75 Maine, 264. The effect of many of the older cases in this state has been swept away by this new principle in our legal system, a product of the growth of the law, very greatly promoted by legislative stimulation. The present case must be governed by the equitable rule declared in the later decisions.

Another question presented by the case, is, whether the

statutory provision (R. S., c. 73, § 12) which declares that a
title of a purchaser for a valuable consideration cannot be defeated
by a trust, unless the purchaser had notice thereof, means actual
or constructive notice.   Section 8 of the same chapter requires
" actual notice " of an unrecorded deed, to defeat a subsequent
purchaser's title from the same grantor.   The two sections were
incorporated in our statutory system at the same time,—in the
revision of 1841.   One requires " notice," the other "actual
notice."

We think the difference in phraseology may be accounted for
partly on the idea that section 8 would be applicable more to law
cases, and section 12 more to questions in equity.   We can have
no doubt that there may be cases of constructive trusts where
section 12 would apply.   At the same time, where the facts
present questions analogous to those ordinarily arising under the
other section, we think actual notice would be required ; that
under either section, in cases generally, actual notice, as we
understand the meaning of the term, would be the rule ; and that
actual notice applies in the present case.

There is a conflict in the cases and among writers as to what
is actual notice.   Much of the difference is said to be verbal
only, more apparent than real.   Certain propositions, however,
are quite well agreed upon by a majority of the authorities.

Notice does not mean knowledge,—actual knowledge is not
required.   Mr. Wade describes the modes of proving actual
notice as of two kinds.   One he denominates express notice, and
the other implied.   "*Implied*, which imputes knowledge to the
party because he is shown to be conscious of having the means
of knowledge, though he does not use them.   In other words,
where he chooses to remain voluntarily ignorant of the fact, or
is grossly negligent in not following up the inquiry which the
known facts suggest."   Wade Not. (2d ed.) § 5.   Some writers
use the word implied as meaning constructive, and would regard
what is here described to be implied actual notice as constructive
notice merely.   As applicable to actual notice, such as is required
by the sections of the statute under consideration, we think the
classification of the author, whom we quote, is satisfactory.

The author further explains the distinction by adding that "notice by implication differs from constructive notice, with which it is frequently confounded, and which it greatly resembles, with respect to the character of the inference upon which it rests; constructive notice being the creature of positive law, or resting upon strictly legal inference, while implied notice arises from inference of fact."

It amounts substantially to this, that actual notice may be proved by direct evidence, or it may be inferred, or implied, (that is, proved) as a fact from indirect evidence — by circumstantial evidence. A man may have notice or its legal equivalent. He may be so situated as to be estopped to deny that he had actual notice. We are speaking of the statutory notice required under the conveyances act. A higher grade of evidence may be necessary to prove actual notice appertaining to commercial paper. *Kellogg* v. *Curtis*, 69 Maine, 212.

The same facts may sometimes be such as to prove both constructive and actual notice, that is, a court might infer constructive notice and a jury infer actual notice from the facts. There may be cases where the facts show actual, when they do not warrant the inference of constructive notice; as where a deed is not regularly recorded, and not giving constructive notice, but a second purchaser sees it on the records, thereby receiving actual notice. *Hastings* v. *Cutler*, 24 N. H. 481.

Mr. Pomeroy (2 Eq. Jur. 596, note) summarizes the effect of the American cases on the point under discussion in the following words: "In a few of the states the courts have interpreted the intention of the legislature as demanding that the personal information of the unrecorded instrument should be proved by direct evidence, and as excluding all instances of actual notice established by circumstantial evidence. In most of the states, however, where this statutory clause is found, the courts have defined the 'actual notice' required by the legislature as embracing all instances of that species in contradistinction from constructive notice,— that is, all kinds of actual notice, whether proved by direct evidence or inferred as a legitimate conclusion from circumstances."

The doctrine of actual notice implied by circumstances (actual notice in the second degree) necessarily involves the rule that a purchaser before buying should clear up the doubts which apparently hang upon the title, by making due inquiry and investigation. If a party has knowledge of such facts as would lead a fair and prudent man, using ordinary caution, to make further inquiries, and he avoids the inquiry, he is chargeable with notice of the facts which by ordinary diligence he would have ascertained. He has no right to shut his eyes against the light before him. He does a wrong not to heed the "signs and signals" seen by him. It may be well concluded that he is avoiding notice of that which he in reality believes or knows. Actual notice of facts which, to the mind of a prudent man, indicate notice — is proof of notice. 3 Wash. Real Prop. 3d ed. 335.

It must be admitted that our present views are not fully supported by the case of *Spofford* v. *Weston*, 29 Maine, 140, a decision made forty years ago. But the doctrine has grown liberally since that day, and the correctness of some things pronounced in that opinion is virtually denied in subsequent cases. *Porter* v. *Sevey*, 43 Maine, 519; *Hull* v. *Noble*, 40 Maine, 459; *Jones* v. *McNarrin*, 68 Maine, 334. Many cases which affirm the doctrine contended for by the complainant, as well as many opposing cases, are cited by the text writers. Wade, Notice, §§ 10, 11, *et seq.* and cases in notes. 2 Pom. Eq. Jur. § 603, and notes. The decided preponderance of authority supports the position that the statutory "actual notice" is a conclusion of fact capable of being established by all grades of legitimate evidence.

As to what would be a sufficiency of facts to excite inquiry no rule can very well establish ; each case depends upon its own facts. There is a great inconsistency in the cases upon this point. But we are satisfied that in the case before us, the defendant must be charged with notice that his grantor held title by what equity must declare to be an invalid deed. He saw that the grantor was out of possession. He could have easily ascertained that he never had possession He knew that others had

controlled the property in many ways for many years. He examined the registry, where he discovered the deed in question, and there must have seen evidence of other conveyances inconsistent with its full validity. He purchased the property for forty dollars, while worth, had the title been perfect, nearer one thousand dollars. He took a quitclaim deed, and it is held by some courts that such an instrument of conveyance does not make him a *bona fide* purchaser without notice. *Baker* v. *Humphrey*, 101 U. S. 494. Although in our system it is a circumstance only, bearing on the question. *Mansfield* v. *Dyer*, 131 Mass. 200. More than all else perhaps, the defendant made no inquiry of the grantor whether he had any real title or not, asking no explanations, but insisting to him that he had no valuable title. It is impossible for us to say, in the light of these impressive, illuminating proofs, that the defendant purchased without notice. He purchased on the basis of a merely nominal title.

We would not say that he did not believe he could legally purchase, encouraged as he was by the doctrine of the earlier cases, now abrogated; nor do we impute more than a want of caution and diligence. Men's interests spur their judgments to one-sided conclusions oftentimes. The great dramatist makes a character, reluctant to acknowledge the situation, say, "I cannot dare to know that which I know;" while another, more quick-sighted, because anxious to believe, exclaims, "Seems, madam! Nay, it is. I know not seems." One rejects proof on the clearest facts; the other accepts it on the slightest.

*Judgment affirmed.*

WALTON, DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.