RETHERFORD ET AL. v. WRIGHT ET AL.

[No. 6,051.   Filed January 31, 1908.]

PRINCIPAL AND AGENT. — *Notice.* — *Mortgages.* — *Deeds.* — *Husband and Wife.*—Where a husband negotiates, on behalf of his wife, a purchase of lands, his knowledge, obtained before the completion of the transaction, of a mortgage thereon, is notice to such wife of such encumbrance; and she takes subject thereto.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Suit by Arthur C. Wright against Mary E. Retherford and others.   From a decree for plaintiff, defendant Retherford and another appeal.   *Affirmed.*

*John A. Kersey,* for appellants.

*Robert T. St. John, William H. Charles* and *Willard B. Gemmill,* for appellees.

ROBY, C. J.—Appellee Wright was plaintiff.   The suit was one to foreclose a mortgage executed by Adaline Sutton, her husband joining therein, to secure the payment of six promissory notes aggregating $275, given by said mortgagor to said plaintiff.   Appellant Mary E. Retherford and her husband were made defendants, and it was alleged that the real estate described in said mortgage had been conveyed to her by said Adaline Sutton, her husband joining therein, after the execution of said mortgage, and that said appellant took said conveyance with full notice and knowledge of said mortgage.   The issue was formed by a general denial.   The court found for the plaintiff and rendered a decree in accordance with such finding, foreclosing said mortgage.

The sufficiency of the evidence to sustain the finding is presented and ingeniously argued. The finding is in entire accord with the proof. The transfer from Mrs. Sutton to Mrs. Retherford was negotiated between their respective husbands. It is contended that knowledge of said mortgage by Mr. Retherford at a time anterior to the actual execution of the deed, and not communicated to his wife, is not sufficient to charge her with notice thereof.

The principle that knowledge by an agent is not knowledge by the principal, unless obtained in the transaction, is invoked to sustain this point. The vice in the argument is in narrowing the scope of the agency to the precise time when a deed was executed. It is in evidence that knowledge of the encumbrance was obtained by appellant's husband while acting for her in the negotiations which culminated in the transfer of title to her. The doctrine invoked is not applicable to the facts.

The findings are sustained by the evidence, and the judgment is therefore affirmed.