JAMES L. BOYLE, Trustee

*vs.*

CARRIE N. CLUKEY, Exr'x., et als.

Kennebec.        Opinion November 30, 1927.

*A conveyance by a corporation to one of its directors and treasurer by deed executed by the treasurer puts a purchaser upon his inquiry as to the authority of the officer executing the deed and the good faith of the transaction.*

*As to what constitutes sufficient notice to put one on his inquiry as to possible fraudulent transactions, no general rule can be laid down. Each case must rest on its own facts.*

*A creditor who attaches property obtained by fraud acquires no interest superior to that of the debtor.*

*A defrauded vendor may recover property conveyed so long as it remains in the hands of the vendee and has not passed to an innocent party for a new and valuable consideration.*

*In case of a fradulent transfer as to creditors the vendee holds only the naked legal title in trust for the creditors of the vendor.*

A purchaser of such officer, however, by the deed itself may not be put upon his inquiry further than to ascertain whether it was duly authorized and appears to have been given for an adequate consideration, provided there are not attendant circumstances calculated to arouse suspicion in the mind of a reasonably prudent man.

On appeal.   A bill in equity seeking to have a conveyance of real estate, alleged to have been fraudulent and intended to hinder and delay creditors in the collection of their debts, declared void, and also a mortgage given by the grantee in such alleged fraudulent conveyance, and a real estate attachment, declared void.   Upon a hearing on bill, answers, replications and proofs, the sitting justice found that the conveyance was fraudulent and declared it void and also declared the mortgage given by the grantee in the alleged fraudulent conveyance to Waterville Savings Bank for a present and valuable consideration void, and further declared that the real estate attachment made in favor of Pepperell Trust Company dissolved.   From such findings the Waterville Savings Bank and the Pepperell Trust Company appealed.   Appeal of Pepperell Trust Company dismissed. Appeal of Waterville Savings Bank sustained with costs.   Decree below to be modified to accord with opinion.

The contentions of the parties fully appear in the opinion.

*Maurice E. Rosen,* and *F. Harold Dubord,* for plaintiff.

*Harvey D. Eaton,* for Waterville Savings Bank.

*John E. Nelson,* for Carrie N. Clukey, executrix.

*Louis B. Lozier,* for Pepperell Trust Company.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

WILSON, C. J.   A bill in equity brought by the plaintiff as trustee in bankruptcy of the Oakland Belgrade Silver Black Fox Ranch Co., which will hereinafter for brevity be referred to as the Fox Ranch Co., seeking to set aside and declare void a certain conveyance of real estate by said Fox Ranch Co. to Charles J. Clukey, also a mortgage given by him to the defendant, Waterville Savings Bank, and also an attachment of said property on an action brought by the defendant, Pepperell Trust Co. against said Charles J. Clukey.

On July 31, 1925, the Fox Ranch Co. was the owner of the parcel of land described in the plaintiff's bill, and was hopelessly insolvent. Its directors consisted of Charles J. Clukey, now deceased, his brother, and brother-in-law. The brother and brother-in-law had no financial interest in the corporation and are described in the bill as mere "dummies" acting under the direction of Charles J. Clukey, and found to be such by the Court below. His brother, Harry Clukey, was president and Charles J. Clukey was treasurer.

On the above date, the board of directors of the Fox Ranch Co. passed the following vote:

> "The President presented to the meeting the proposition of Charles J. Clukey to purchase the real estate of the company situate in Belgrade, Me. * * * After discussion, it was voted to accept the proposition and sell said real estate to Charles J. Clukey, those voting in favor of the sale being Harry J. Clukey and J. Arthur Rodrigue (Charles J. Clukey did not vote). It was also voted that the president and treasurer prepare and execute the deed of the company of said real estate to Charles J. Clukey."

and on the same day, the president, Harry Clukey, and Charles J. Clukey, treasurer, executed a deed of the property to Charles J. Clukey subject to a previous mortgage of $4500, which sets forth as the consideration, "one dollar and other valuable considerations." Attached thereto, however, was a United States revenue stamp, indicating a consideration not exceeding three thousand dollars.

On August 18th, 1925, while the record title of said real estate was in Charles J. Clukey, the defendant Pepperell Trust Co. brought suit against him on a personal obligation and attached all his real estate in Kennebec county.

On or about August 24th, 1925, Charles J. Clukey, having previously applied for a loan at the Waterville Savings Bank, conveyed the property in question by his mortgage deed to the Savings Bank, to secure a loan of twenty-five hundred dollars.

The bill alleged and the Court below found that the conveyance by the corporation to its treasurer was intended to hinder and delay and defraud its creditors, and was, therefore, void.

The Court, however, found that the officials of the Savings Bank had no knowledge of the insolvent condition of the Fox Ranch Co. at the time of the conveyance to Charles J. Clukey or "any knowledge directly or indirectly of any facts connected with the administration of the Fox Ranch Co. which could be regarded as sufficient to convey actual notice to or put the bank on suspicion of the condition of the corporation when Clukey took the deed of the property;" but ruled as a matter of law that a deed to one of its directors and treasurer, setting forth as a consideration "one dollar and other valuable considerations," and the vote of the board of directors authorizing such a conveyance failing to specify the consideration for the transfer, was sufficient to put the Bank upon its inquiry, not only as to the authority of the treasurer to execute the deed, but also as to the sufficiency of the consideration, and held both the mortgage and attachment to be void as to the plaintiff as trustee in bankruptcy of the Fox Ranch Co., and ordered appropriate conveyances and releases by the defendants to restore the title to the trustee.

From his decree, the Waterville Savings Bank and the Pepperell Trust Co. appealed. We think the appeal of the Waterville Savings Bank must be sustained.

The evidence warranted the finding of the Court below that the deed was given to hinder, delay, and defraud the creditors of the Fox Ranch Co. and also the finding that there was no evidence that the Savings Bank had any actual knowledge of the insolvent condition of the Fox Ranch Co. at the time of the transfer to Clukey or "had any knowledge either directly or indirectly of any facts" that could be regarded as sufficient "to put the bank on suspicion of the insolvent condition of the corporation" at that time.

It is true that a transaction between a corporation and one of its directors and a deed executed by an officer of a corporation running to himself as grantee raises at once the question of authority and good faith, and in the absence of absolute good faith may be avoided by the corporation or its stockholders, not only as to the grantee but as to a third person with notice of the infirmity or knowledge of facts that would put him upon his inquiry. Thompson on Corp. 2nd Ed. vol. 2, sections 1411, 1412; *Vermeule* v. *Hover.* 113 Me., 74. A purchaser of such officer, however, by the deed itself may not be put upon his inquiry further than to ascertain whether it was duly au-

thorized and appears to have been given for an adequate consideration. Thompson on Corp. 2nd Ed. vol. 2, sec. 1411; provided, of course, there are no attendant circumstances that would excite suspicion of a fraudulent purpose.

As to what constitutes sufficient notice to put one on his inquiry no rule of general application can be laid down. Each case must rest on its own facts. *Knapp* v. *Bailey,* 79 Me. 195, 204.

We concur in the ruling of the Court below in holding that the deed to Clukey executed by himself as treasurer of the corporation put the Savings Bank upon its inquiry as to his authority to execute the deed.

This information was furnished by a vote of the other two directors, whom, so far as the evidence discloses, the officials of the bank had no reason to suspect were "dummies" and acting under the control of Charles Clukey, or were not financially interested in the corporation and in the preservation of its assets.

The Court below based its conclusion that the bank was put upon its inquiry as to the good faith of the transaction upon the facts that the deed and note disclosed that no consideration passed for the conveyance.

A failure to set forth the real consideration in a deed from a corporation to one of its directors or in the vote authorizing it might well put a third person purchasing of such director upon his inquiry as to the adequacy of the consideration paid, if there was no other information furnished him.

In the case at bar, the evidence discloses that the officials of the Savings Bank were confronted with the following situation at the time of making the loan: they had known Mr. Clukey, the applicant for the loan, long and favorably as a successful business man in their community, and, according to the findings of the Court below, had no knowledge of any facts tending to arouse their suspicions as to any irregularities in the administration of the affairs of the Fox Ranch Co.

The examining committee for the bank found property worth approximately $7500, the original purchase price of which the evidence disclosed was $7200. The deed from the Fox Ranch Co. to Mr. Clukey, according to its terms, was only of an equity in the property, it being conveyed subject to a mortgage which the records disclosed was for

the principal sum of $4500. That this mortgage was discharged after the deed to Clukey was given, but before it was recorded, was a matter in which the Savings Bank had no interest, except as to its bearing on the title at the time its mortgage was given. Nor in the light of any information then in the possession of the bank was it a suspicious circumstance, as the reasonable inference would be that it had been paid by the grantee. The information conveyed to officers of the bank by the deed was that the Fox Ranch Co. had conveyed to Clukey property which their examination disclosed was worth approximately $7500, subject to a mortgage of $4500, and by evidence just as conclusive as if it had been written in the deed in so many words, for a consideration in excess of $2500.

By law, a grantor at the time of this conveyance, was compelled to attach to his deed a United States revenue stamp to the value of fifty cents for each five hundred dollars of value of property conveyed or fractional part thereof. There was attached to the deed from the Fox Ranch Co. to Clukey a revenue stamp of the denomination of three dollars, indicating a consideration in excess of $2500 and possibly $3000, which on its face was a fair and adequate consideration for the equity in the property conveyed by the company to Clukey.

It is not true, therefore, as the Court below found, that the note and deed disclosed that no consideration was paid. The vote sets forth a proposal of purchase and sale. A sale *ipso facto* implies a consideration, and the deed on its face contained evidence that the consideration paid was fair and adequate. Later events disclosed that the consideration was inadequate and that the conveyance was fraudulent; but except for the fact that the terms of the purchase were not spread upon the records of the corporation, the transaction on its face appeared to be perfectly regular, duly authorized and for an adequate consideration. This omission alone with no knowledge on the part of the bank at that time tending to arouse even a suspicion as to any irregularity in the administration of the affairs of the Fox Ranch Co. or to question the integrity of Mr. Clukey would not as a matter of law put the bank on further inquiry.

This is not a case where an agent acted in a transaction in which his interests were adverse to those of his principal and no inquiry was made as to his authority in the premises and where there were

other circumstances that might well have tended to arouse suspicion as in the case of *American Realty* v. *Amey*, 121 Me., 545.

The question raised by this appeal is not whether the mortgagee omitted to require information as to the authority of the officer and agent to act; but whether a deed in the form described, and a vote showing a proposal of purchase and acceptance, and authority to the agent to execute a deed, is alone sufficient as a matter of law to put on inquiry as to the adequacy of the consideration a third person who has no other information that would lead him to suspect that the transfer was in fraud of creditors, or in any way irregular, but on the contrary had reason to believe that the officer in question was a reputable and experienced business man of good standing in the community, and the deed on its face appears to have been given for an adequate consideration. We think the Court below erred in ruling that as a matter of law such a vote and deed alone was sufficient to put the Savings Bank on inquiry as to a possible fraudulent transfer. Coupled with other circumstances sufficient to induce inquiry by a reasonably prudent person, the rule might well be different.

The appeal of the defendant Pepperell Trust Co. must be dismissed. A creditor who attaches property obtained by fraud acquires no interest therein superior to that of his debtor. He stands in the shoes of his debtor. The defrauded vendor may recover the property so long as it remains in the hands of the vendee or has not passed from him to an innocent party for a new and valuable consideration. *Hackett* v. *Callender*, 32 Vt. 97; *Poor* v. *Woodburn*, 25 Vt., 234; *Field, Morris & Co.* v. *Stearns*, 42 Vt., 106; 6 C. J. 294, sec. 554; *Westervelt* v. *Hagge*, 61 Neb. 647; 2 R. C. L. 857; Freeman on Judgments, sec. 357.

The sale to Charles J. Clukey being fraudulent, he held only the naked legal title in trust for the creditors of the Fox Ranch Co. The attachment of the real estate by the Pepperell Trust Co. was subject to the prior equities of the creditors of the Fox Ranch Co. The trustee in bankruptcy, therefore, is entitled to have a release of the attachment of the Pepperell Trust Co.

*Appeal of Pepperell Trust Co. dismissed.*
*Appeal of Waterville Savings Bank sustained*
*with costs.    Decree below to be modified to con-*
*form to the opinion.*