DeHaeze et al. *v.* Joyce et al.

[No. 13,853. Filed December 30, 1930.]

*Miller Guy,* for appellants.

*G. A. Farabaugh, Phil Nicar, Walter R. Arnold* and *Harold Robertson,* for appellees.

NEAL, J.—Appellees, plaintiffs below, filed their complaint against the appellants in three paragraphs. The first paragraph was upon an unrecorded written contract for the sale of real estate in which appellees prayed for a declaration of their rights against appellant and of the appellants against each other; the second paragraph is an ordinary action in ejectment, alleging, in substance, that appellee Joyce is the owner of the legal, and appellees Rumsey of the equitable, title to the real estate therein described; that the appellants had occupied two feet off the southerly side for five years and were unlawfully withholding possession, for which they pray judgment for possession and damages; the third paragraph is the ordinary suit to quiet title to real estate, alleging ownership in the appellees and that appellants claimed an interest in the real estate involved, which was adverse to and a cloud upon appellees' title. The appellants answered by general denial. There was a trial by the court and jury, and the jury returned a verdict that appellees Rumsey and Rumsey were the equitable owners of the strip of 18 inches in dispute, giving a full description of all the real estate described in their contract of

purchase; that appellee Joyce was the owner of the legal title of the same, and that the claims of appellants De Haeze were without right; also that appellees were entitled to the immediate possession of the disputed ground and that appellees Rumsey recover of appellants De Haeze $1 in damages for its unlawful detention. The court rendered judgment on the verdict in favor of appellees and thereafter overruled the separate and several motions for a new trial filed by appellants De Haeze and Burke. Appellants assign as error the overruling of their separate and several motions for a new trial. The only causes presented for our consideration are: (1) That the verdict of the jury is not sustained by sufficient evidence; and (2) the verdict of the jury is contrary to law.

The facts favorable to appellees may be summarized as follows: In 1916, defendant Crowell was the vendee of one Dinan under a land contract and was in possession of the following described real estate in South Bend, Indiana; the southerly half of lot 27, and all of lot 28, except seven feet off its southerly side in Beyerley's Addition. The total width of the description was $42\frac{1}{2}$ feet. Upon this tract of real estate was situated two dwelling houses, the northerly one largely built on lot 27, with house number "1620 Prairie Avenue," now owned and occupied by appellees, and the southerly one, on lot 28, known as "1622 Prairie Avenue," now owned and occupied by appellants DeHaeze. Crowell, on and prior to October 2, 1920, rented the north house to appellants DeHaeze, and they, on the last-named date, occupied the house as tenants of Crowell.

Appellees Rumsey and Rumsey, on October 2, 1920, purchased of Crowell the northerly house, then occupied by appellants DeHaeze, as heretofore stated, and the purchase was evidenced by a written instrument which bound Crowell to convey to them by warranty deed

when the purchase price of $1,700 was paid in full the following described real estate: 16½ feet off the south side of lot 27 and five and three-quarters feet off the north side of lot 28. The appellants DeHaeze and DeHaeze, after October 2, and until November 18, 1920, continued to occupy the house and were tenants of appellees Rumsey during the interim of time just mentioned after October 15, 1920. The contract of sale executed by Crowell to the Rumseys was not acknowledged and consequently was not recorded.

Appellants DeHaeze were notified by appellees Rumsey that they desired the possession of the northerly house; appellants DeHaeze negotiated with appellant Burke to purchase the southerly house with the understanding that Crowell would vacate the property and the DeHaezes would then move from the north house to the south house. The purchase was made, and, on October 15, 1920, Crowell conveyed by warranty deed to appellant Burke the southerly 21¾ feet of lot 28, which deed was recorded on the same day. On the same date, appellant Burke executed a land contract to appellants DeHaeze. It was stipulated therein that, upon the payment of the purchase price, appellant Burke would convey by warranty deed to appellants DeHaeze all of the real estate described in Crowell's deed to appellant Burke. The arrangement was carried out, and Crowell vacated the southerly house and appellant DeHaeze moved in and occupied the same. On June 18, 1921, Crowell conveyed by warranty deed to appellee Joyce the south half of lot 27 and four and one-quarter feet off the northerly side of lot 28, and assigned the Rumsey land contract, and on June 2, 1926, appellant Burk conveyed to DeHaeze according to the terms of the agreement.

(It will be observed that the description of the real estate in the Rumsey contract called for 22¼ feet and

that in the deed to appellant Burke and in Burke's deed to DeHaeze, the description called for 21¾ feet, a total of 44¼ feet, thus causing the two descriptions to overlap each other by 18 inches.)

Appellees, at the time they purchased the northerly house, informed appellants DeHaeze to that effect. The DeHaezes also had knowledge at the time of the sale that appellees Rumsey were purchasing the house from Crowell on a land contract and that Crowell intended to get the money by virtue of such contract.

There was no fence dividing the real estate between the two houses; the eaves of the northerly house, Rumseys', extended over to the south as far as the south line described in Rumseys' contract of sale, underlapping the eaves of the southerly house for a distance of 22 feet; a cement walk was between the two houses, which walk was used by the tenants of each house.

The jury also had before it certain evidence as to the extensions of certain portions of each house, including the kitchen of each of them at the time of the several purchases just mentioned and of the extent of the occupancy of appellants DeHaeze while residing in the northerly house, first as tenants of Crowell and afterwards as tenants of the Rumseys.

Appellant challenges the evidence as being wholly insufficient to charge them with notice of the stipulations and agreements contained in the contract of sale executed by Crowell to appellees, wherein the real estate to be conveyed was particularly described by metes and bounds. In *Cambridge Valley Bank* v. *Delano* (1872), 48 N. Y. 326, it was said: "Where a purchaser has knowledge of any fact sufficient to put a prudent man upon an inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of some right or title in conflict with that which he is about to purchase, it is his duty to make the inquiry,

and if he does not make it, he is guilty of bad faith, or negligence, to such an extent that the law will presume that he made it, and will charge him with the actual notice he would have received if he had made it." The above doctrine has found support in the reported cases in both the Supreme and Appellate Courts of our own state. Judge Elliot, speaking for the court in *Indiana, etc., R. Co.* v. *McBroom* (1887), 114 Ind. 198, 15 N. E. 831, said: "A man cannot buy property where there are facts known to him sufficient to put him upon inquiry, and hold it free from prior claims or equities of which due inquiry would have given him information." And again, this court, in an opinion by Judge Wiley in *Blair* v. *Whittaker* (1903), 31 Ind. App. 664, 69 N. E. 182, said: "The rule is that whatever puts a party on inquiry amounts, in law, to notice. Private inquiry would lead to the knowledge of the requisite fact by the exercise of diligence of an ordinarily prudent man."

The uncontroverted facts disclose that appellants DeHaeze were occupying the northerly house as tenants of Crowell, who also owned the southerly house; appellants knew that Crowell had sold the northerly house to appellees Rumsey under an unrecorded title bond; that the eaves of the northerly house overlapped the eaves of the southerly house; that no clear line of demarcation existed between the two properties; that, without making inquiry either of Crowell or the Rumseys, appellants proceeded to negotiate the purchase of the southerly house from Crowell and trusted that their title would carry them safely against any outstanding title not recorded. We hold that the evidence was sufficient to place appellants DeHaeze upon inquiry and that they are charged with knowledge of what such an investigation would have disclosed, to wit, the boundaries of the real estate agreed to be conveyed by Crowell to appellees Rumsey and described in the contract.

*Indiana, etc., R. Co.* v. *McBroom, supra;* *Smith* v. *Schweigerer* (1891), 129 Ind. 363, 28 N. E. 696; *German-American Nat. Bank* v. *Martin* (1917), 277 Ill. 629, 115 N. E. 721; *Hill* v. *Murray* (1883), 56 Vt. 177; *Knapp* v. *Bailey* (1887), 79 Me. 195, 9 Atl. 122, 1 Am. St. 295; *Fresno Canal, etc., Co.* v. *Rowell* (1889), 80 Cal. 114, 22 Pac. 53, 13 Am. St. 112.

Appellants DeHaeze assert that appellant Burke had no actual knowledge of Rumseys' purchase, and, therefore, cannot be charged with notice of the real estate described in Rumseys' contract. It clearly appears that appellant Burke was the financial medium through which Crowell and the DeHaezes operated in order that Crowell might sell and the DeHaezes purchase the southerly property. See *Retherford* v. *Wright* (1908), 41 Ind. App. 163, 83 N. E. 520; *Seibel* v. *Higham* (1909), 216 Mo. 121, 115 S. W. 987, 129 Am. St. 502; *Independent Coal & Coke Co.* v. *United States* (1927), 274 U. S. 640, 47 Sup. Ct. 714, 71 L. Ed. 1270. The jury by its verdict found the material allegations of the complaint to be true. The circumstances were such that the jury had the right to infer that the De-Haezes had such knowledge of the facts as would lead a fairly prudent man, using ordinary caution, to make further inquiries, and if such inquiry had been made, the extent of Crowell's conveyance to appellees Rumsey would have been ascertained. *Knapp* v. *Bailey, supra.*

Judgment affirmed.