Gerry A. BILODEAU

v.

SOIL AND WATER CONSERVATION COMMISSION and the Inhabitants of the Town of Sabattus.

Supreme Judicial Court of Maine.

March 29, 1978.

Rocheleau & Fournier, P. A. by Ronald P. Lebel, Lewiston, for plaintiff.

Allan A. Toubman, Asst. Atty. Gen., Augusta, for Soil and Water Conservation Comm.

Cote, Cote & Hamann by Richard G. Hamann, Lewiston, for Town of Sabattus.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

By filing a complaint in the Superior Court (Androscoggin County) on January

**660**

21, 1977, plaintiff Gerry A. Bilodeau purported to take a Rule 80B appeal from an order of the Soil and Water Conservation Commission. The Commission subsequently moved to dismiss the appeal on the ground that it had not been timely taken and therefore the Superior Court lacked jurisdiction of it. After a hearing the Justice presiding in the Superior Court granted the motion to dismiss and ordered the appeal dismissed for lack of subject-matter jurisdiction. Plaintiff has appealed from the judgment of dismissal.

We deny the appeal.

Plaintiff is the owner of property, known as the Mill Dam, located on the Sabattus River in Sabattus, Maine. On October 22, 1976, the Soil and Water Conservation Commission held a hearing in Sabattus regarding whether or not a water level should be established at the Mill Dam, pursuant to 12 M.R.S.A. § 301 et seq. By its order and findings of fact dated December 2, 1976, the Commission directed plaintiff to maintain a certain water level at his property on the Sabattus River. On December 15, 1976, the Commission sent a copy of its order to plaintiff at his permanent address in Auburn by certified mail, return receipt requested. On December 16, 1976, plaintiff's son signed the receipt and accepted delivery of the letter containing a copy of the Commission's order. Plaintiff was then at his winter residence in Florida. He personally received the copy of the Commission's order on January 7, 1977.

By 12 M.R.S.A. § 304(4) the Soil and Water Conservation Commission is empowered to order the owner of an artificial dam to establish a normal water level for the body of water impounded by such dam. That statute further provides:

"The commission shall cause a copy of such order to be delivered to the dam owner and each petitioner, if any, and shall cause the same to be filed in the appropriate registry of deeds."

The statute also provides for judicial review of the Commission's order as follows:

"Any person aggrieved by an order of the commission may appeal to the Superior

Court *within 30 days of notice thereof."* (emphasis supplied) (12 M.R.S.A. § 307)

Plaintiff contends on appeal that the intendment of § 307 is that the 30 day appeal period shall not commence to run until any person aggrieved by an order of the Commission has "actual knowledge" of the Commission's order. On this premise, plaintiff further maintains that his son lacked the authority to receive the notice on plaintiff's behalf. Therefore, says plaintiff, whatever information his son may have had as to the Commission's order was not attributable to plaintiff, and plaintiff himself having no actual knowledge until January 7, 1977, his instituting of the 80B appeal on January 21st was timely because well within the required 30 days.

■ We reject plaintiff's contention that the 30 day period for instituting an appeal does not begin to run until the party aggrieved by a Commission order has actual knowledge of that order. Under § 307 of the statute it is "notice" to the person aggrieved of the Commission's order which starts the 30 day appeal period. As this Court has generally held in construing other statutory provisions, notice to a person of a fact, or an event, does not require that the person have actual knowledge of it. See *Avco Delta Financial Corporation of Maine v. Town of Whitefield,* Me., 295 A.2d 921 (1972); *Knapp v. Bailey,* 79 Me. 195, 9 A. 122 (1887).

The dispositive question, here, then, is whether the delivery of the copy of the Commission's order to plaintiff's residence was in this case sufficient to constitute "notice" to plaintiff as contemplated by § 307 of the statute.

In regard to an appeal to the Law Court from the judgment of another court, it is the entry of the judgment on the docket of the court which starts the running of the period within which the appeal must be taken, and the running of the period

" . . . remains unaffected by the failure of the party intending to appeal to learn of the entry of judgment. This remains true even if such failure is

caused by the Clerk's omission to give notice of the entry of judgment on the docket." *Harris Baking Company v. Mazzeo,* Me., 294 A.2d 445, 451 (1972)

Relative to administrative proceedings under the statute relating to neglected dams, however, § 307 of that statute provides that a "person aggrieved" shall have 30 days after "notice" of the Commission's order within which to appeal to the Superior Court. As relevant to how a dam owner may have such notice, § 304(4) of the statute provides that the Commission shall

"cause a copy of . . . [its] order to be delivered to the dam owner . . ."

 We conclude that as to a person who, like the plaintiff, is a dam owner, the "notice" contemplated by § 307 to start the running of the appeal period comes into being when the Commission, in compliance with the mandate of § 304(4), " . . . cause[s] a copy of . . . [its] order to be delivered to the dam owner . . . ."

■ The determinative question, then, is what is meant by "delivery of a copy to the dam owner." We believe that the status of the owner of an artificial dam in a proceeding by the Soil and Water Conservation Commission to establish a water level for the dam is, for the purposes here involved, sufficiently analogous to that of a party to a civil action pending in a court to warrant assigning to the "delivery of a copy" language of § 304(4) the same meaning as is given to it in Rule 5(b) M.R.Civ.P. Such delivery of a copy is accomplished by leaving the copy at the dam owner's "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."

■ Plaintiff does not dispute that, here, a copy of the Commission's order was left at his usual place of abode with a person of suitable age and discretion who then resided therein. This constituted the "notice" to plaintiff, as the dam owner, which trig-

gered as to him the running of the 30 day appeal period. Since there was thus "notice" to plaintiff as of December 16, 1976, plaintiff's filing of the appeal on January 21, 1977 was late,[1] and the presiding Justice acted correctly in dismissing the case. See *Harris Baking Company v. Mazzeo,* Me., 294 A.2d 445 (1972); *Harrington v. Harrington,* Me., 269 A.2d 310 (1970).

The entry is:

Appeal denied; judgment of dismissal affirmed.

DELAHANTY, J., did not sit.

---

1. This remains true even were we to consider the notice to plaintiff to have been achieved "by mail" and, in accordance with Rule 6(e) M.R.Civ.P., we were to add 3 days to the prescribed 30 day period.