739 So.2d 1288 (1999)
FLORIDA MASTERS PACKING, INC., Appellant,
v.
Steven L. CRAIG, Trustee, etc., et al., Appellees.
No. 98-2165.
District Court of Appeal of Florida, Fourth District.
September 17, 1999.
*1289 R.N. Koblegard, III, of Fee, Koblegard & DeRoss, Ft. Pierce, for appellant.
Glen Rafkin and Cynthia J. Hoover of Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, P.A., Fort Lauderdale, for appellees.
SHAHOOD, J.
This is an appeal by Florida Masters Packing, Inc., plaintiff below in an action for reformation and to quiet title to a parcel of real property located in St. Lucie County. At the conclusion of plaintiff's case, appellees, defendants below, moved for an involuntary dismissal pursuant to Rule 1.420(b), Florida Rules of Civil Procedure, which the trial court granted, entering a Final Order of Dismissal With Prejudice. Appellant raises four issues on appeal. We affirm as to all issues writing only to discuss the first and third issues.
The circumstances leading to this suit for reformation first came about in 1980. At that time, Michael Kane and William Radke purchased a 40-acre parcel of property in St. Lucie County ("parent tract"). Three years later, they entered into negotiations to sell a portion of the parent tract ("outparcel") with William Wright. The parties contemplated that the northern boundary of the property would not go beyond a ditch located on the north end of the property. A surveyor prepared a survey and legal description and placed surveyor's monuments in the ground to demarcate the boundaries of the outparcel. Although the monuments indicated the correct boundaries, the legal description, unbeknownst to the parties, erroneously described the outparcel as going 35 feet further to the north (i.e. beyond the ditch) than the parties had contemplated.
In 1986, Kane and Radke sold the parent tract to appellees, Steven Craig and Christopher Cook ("Craig and Cook"). The legal description of the parent tract lesses out the outparcel by the same erroneous description; Craig and Cook did not discover the error.
In 1989, Wright sold the outparcel to Mr. Haffield. The deed in that transaction also bears the same erroneous legal description and, like his predecessors, Haffield was unaware of the error. Haffield *1290 ultimately lost the property in a foreclosure proceeding in 1993. Appellant Florida Masters Packing Inc. ("Florida Masters") was the successful bidder at the foreclosure sale. The Certificate of Title which was issued to Florida Masters bears the same erroneous legal description. Although Florida Masters did not obtain a survey prior to purchasing the property, the president of the company had verified the boundaries by going to the site and locating the surveyors monuments. Four years later, Florida Masters filed this action to reform deeds and quiet title.
The first issue raised by Florida Masters on appeal is that the deed pursuant to which it acquired title should be subject to reformation of its legal description where the legal description was based on a mutual mistake of the parties. For the following reasons, we disagree, and affirm the trial court's ruling on this issue.
Reformation is an equitable remedy. The doctrine was summarized by the Supreme Court of Florida as follows:
Where an agreement has been actually entered into, but the contract, deed, or other instrument in its written form does not express what was really intended by the parties thereto, equity has jurisdiction to reform the written instrument so as to conform to the intention, agreement, and understanding of all the parties.
Jacobs v. Parodi, 50 Fla. 541, 39 So. 833 (1905). Thus, Florida courts have consistently held that where a mistaken writing is the product of the parties' mutual mistake, or unilateral mistake on the part of one party and inequitable conduct by the other, the writing should be reformed to accurately reflect the parties' agreement. Smith v. Royal Automotive Group, Inc., 675 So.2d 144, 150 (Fla. 5th DCA 1996); Alexander v. Kirkham, 365 So.2d 1038, 1040 (Fla. 3d DCA 1978).
In this case, the evidence clearly shows, and indeed the court acknowledged, that although the original parties agreed that the northern boundary of the outparcel would be the drainage ditch, the legal description in the deed does not reflect that agreement, and incorrectly describes property extending 35 feet to the north of the ditch. Under these circumstances, reformation would be the remedy between those parties. Jacobs. The problem facing Florida Masters however, is that neither Florida Masters nor Craig and Cook was an original party to the contract, and Craig and Cook appear to have been bona fide purchasers without notice of the error.
Reformation is generally allowed against all persons except a bona fide purchaser for value and without notice. Holley v. May, 75 So.2d 696, 697 (Fla.1954) (citing 45 Am.Jur., Reformation of Instruments, Secs. 68 and 69, pp. 624-625). Notice sufficient to eliminate the transferee as a bona fide purchaser for value without notice can be either `actual' or `constructive.' Hardaway Timber Co. v. Hansford, 245 So.2d 911, 913 (Fla. 1st DCA 1971). In Sapp v. Warner, 105 Fla. 245, 254, 141 So. 124, 127 (1932), the supreme court instructed that
[n]otice is of two kinds, actual and constructive. `Constructive notice' has been defined as notice imputed to a person not having actual notice; for example, such as would be imputed under the recording statutes to persons dealing with property subject to those statutes. `Actual notice' is also said to be of two kinds: (1) Express, which includes what might be called direct information; and (2) implied, which is said to include notice inferred from the fact that the person had means of knowledge, which it was his duty to use and which he did not use, or, as it is sometimes called, `implied actual notice.' Cooper v. Flesner, 24 Okl. 47, 103 P. 1016, 23 L.R.A. (N.S.) 1180, 20 Ann. Cas. 29; Simmons Creek Coal Co. v. Doran, 142 U.S. 417, 12 S.Ct. 239, 35 L.Ed. 1063; Hoy v. Bramhall, 19 N.J.Eq. 563, 97 Am. Dec. 687; Acer v. Westcott, 46 N.Y. 384, 7 Am. Rep. 355. Constructive notice is a legal inference, *1291 while implied actual notice is an inference of fact, but the same facts may sometimes be such as to prove both constructive and implied actual notice. Knapp v. Bailey, 79 Me. 195, 9 A. 122, 1 Am. St. Rep. 295.
The principle applied in cases of alleged implied actual notice is that a person has no right to shut his eyes or ears to avoid information, and then say that he has no notice; that it will not suffice the law to remain willfully ignorant of a thing readily ascertainable by whatever party puts him on inquiry, when the means of knowledge is at hand. McQuiddy v. Ware, 20 Wall. 14, 22 L.Ed. 311; Williams v. Woodruff, 35 Colo. 28, 85 P. 90, 5 L.R.A. (N.S.) 986; Vann v. Marbury, 100 Ala. 438, 14 So. 273, 23 L.R.A. 325, 46 Am. St. Rep. 70; Webb v. John Hancock Mutual Life Ins. Co., 162 Ind. 616, 69 N.E. 1006, 66 L.R.A. 632.
Id., 105 Fla. at 254, 141 So. at 127. Constructive notice includes all recitals, references or matters appearing upon the face of any deed which forms an essential link in the chain of title. Id. The court explained a purchaser's duty as follows:
But the rule supported by the best authority is that the record is constructive notice to creditors and subsequent purchasers not only of its own existence and contents, but of such other facts as those concerned with it would have learned from the record, if it had been examined, and inquiries suggested by it, duly prosecuted, would have disclosed. [citations omitted].
If, in the investigation of a title, a purchaser, with common prudence, must have been apprised of another right, notice of that right is presumed as a matter of implied actual notice. [citations omitted]. Means of knowledge, with the duty of using them, are in equity equivalent to knowledge itself. [citations omitted].
Id., 105 Fla. at 257, 141 So. at 127.
In this case, by Craig's own admission, prior to purchasing the parent tract, neither he nor Cook took steps to ascertain the boundaries of the property they were purchasing. Neither commissioned a survey, nor physically went to the property to determine the boundary monuments. Further, even had the parties searched the records, they would not have discovered that the legal description in the deed did not correspond with the boundary monuments or that the description did not reflect the intentions of the original grantors. Under Sapp, therefore, they did not have constructive notice or any other notice sufficient to defeat a claim that they are bona fide purchasers without notice. Thus, we hold that it was not error for the trial court to deny Florida Master's request to reform the deed because Craig and Cook were bona fide purchasers for value.
AFFIRMED.
TAYLOR, J., and ROTHSCHILD, RONALD J., Associate Judge, concur.