Waymire *et al. v.* The State, *ex rel.* Nichol.

<hr>

No. 9010.

WAYMIRE ET AL. *v.* THE STATE, EX REL. NICHOL.

CONSTABLE.— *Execution.—Levy.—* A constable who levies upon personal property by virtue of an execution issued by a justice, must dispose of such property according to law. If he wastes it or negligently and wrongfully permits it to be withdrawn from the levy and it is lost to the execution plaintiff, he and his sureties are liable to the extent of the value of the property seized under the writ.

SAME.— *Official Bond, Breach of.—Complaint.—* In an action upon the official bond of a constable, it is sufficient if the facts stated show, *prima facie,* a liability; and where the complaint shows a levy upon sufficient personal property to satisfy the judgment, and a breach of duty in failing to advertise and sell, it is not necessary to also aver that the debtor did not have other property out of which the judgment could have been made.

SAME.— *Return on Execution.—Evidence.—* A constable's return upon an execution is not conclusive in an action against him for a breach of official duty, and evidence in contradiction thereof is admissible.

SAME.— *Amendment of Return.—* An officer may amend his return under the sanction of the court, and the fact that it was so amended does not de-

tract from its force as evidence; and it is immaterial upon what part of the writ the return of a constable is written; it may be upon a separate paper, properly identified and attached to the writ.

SAME.—*Record of Bond.—Evidence.*—The record of the official bond of a constable is admissible in evidence.

From the Madison Circuit Court.

*C. L. Henry* and *W. S. Diven,* for appellants.
*M. S. Robinson* and *J. W. Lovett,* for appellee.

ELLIOTT, C. J.—It is the duty of a constable who receives an execution issued by a justice of the peace, and levies it upon personal property, to dispose of the property levied upon according to law. If he wastes the property, or if he negligently and wrongfully permits it to be withdrawn from the levy and lost to the execution plaintiff, he and his sureties are liable to the extent of the value of the property seized under the writ.

In declaring upon an official bond the relator is not bound to anticipate defences. It is sufficient if the facts stated create a *prima facie* liability. Where the relator shows the issuing and delivery to the officer of a proper writ, a levy thereunder and a negligent omission of duty after levy made, he states a case entitling him to recover upon the bond of the officer. Matters in excuse or justification must come by way of defence.

Where, as in the present case, the complaint shows a levy upon sufficient personal property to satisfy the judgment, and a breach of duty in failing to advertise and sell, it is not necessary to also show that the debtor did not have other property out of which the judgment could have been made.

An officer's return is in many cases conclusive, and evidence in contradiction is not admissible. But it is not every case where the return is conclusive. It is not so in an action against the officer for a breach of duty. If it were, then all an officer need do to shield himself from liability would be to make a false return. If the rule for which appellants contend were adopted, a sheriff or a constable might collect money on

an execution, make a return that none had been collected, and when sued interpose, as a bar to the action, his return. The law is not justly subject to the reproach of tolerating any such a doctrine. Evidence may be given in actions against an officer to show the truth, no matter what may be stated in his return.

The appellants are in error in asserting that the evidence fails to support the allegation of the complaint, that there was a levy by the constable. The return shows this fact, and, as against the officer by whom it was made, this is as strong evidence as could well be adduced. At all events, it is abundantly sufficient to sustain the finding upon this point.

The fact that the levy is shown by an amendment to the return does not detract from the force of the evidence. An officer may amend his return under the sanction of the court. *Dwiggins* v. *Cook*, 71 Ind. 579. The return as amended is the effective one, for it is presumed to have been amended in order to correctly exhibit the proceedings of the officer.

It is not material on what part of the writ the return is written. It is sufficient if written upon a separate sheet of paper and properly identified and attached to the writ. No great formality is required in constable's returns.

The record of the official bond of the constable was admissible in evidence. The statute declares that such bonds shall be recorded, and " such record, or a copy thereof, shall have the same effect in evidence as the original." 1 R. S. 1876, p. 189.

Judgment affirmed.