Mowrey v. Davis.

---

· No. 1,640.

## MOWREY v. DAVIS.

REAL ESTATE.—*Trespass. — Answer, Rightful Possession.—Owner.— Remote Grantee.*—In an action for damages for trespass to real estate for cutting and carrying away clover and timothy hay grow- ing thereon, an answer was sufficient which alleged that defend- ant purchased the growing hay from the owner of the land, by whom he was put in possession thereof, and so continued until it was cut and carried off; the plaintiff being a remote grantee of the owner who sold the hay, and subsequent to the sale.

SAME.—*Parol Contract.—Sale of Growing Hay.—Possession.*—A parol

contract for the sale of an interest in real estate for a valuable consideration may be validated by possession taken and given under the contract.

SAME.—*Equity.—Rightful Possession.— Wrong-doer.*—Equity will not permit one who has rightfully gone into possession as purchaser to be transformed into a trespasser at the will of the vendor or his privy.

From the Grant Circuit Court.

*P. B. Manley, E. E. Friedline, J. T. Strange* and *E. H. Huffman,* for appellant.

*G. W. Harvey* and *A. De Wolf,* for appellee.

GAVIN, J.—Suit by appellant for trespass by entering upon his land and cutting and carrying away the clover and timothy hay growing thereon.

Answers filed set up a purchase of the growing hay from the owner of the land by whom the purchaser was put in possession thereof and so continued until it was cut and carried off. The appellant is a remote grantee of the owner who sold the hay, and claims that the sale, being by parol, was not enforceable by reason of the statute of frauds, and, operating merely as a license, was revoked by the conveyance.

Passing all other questions, we may, without examination, concede the distinction between annual products of the land raised by manual labor, such as corn, oats, wheat, etc., and those produced naturally for a succession of years, although the growth of artificial planting and culture, such as timothy and clover hay, whereby the former are to be regarded as personal chattels, but the latter are to be considered real estate. *Lindley* v. *Kelley,* 42 Ind. 294; *Harvey* v. *Million,* 67 Ind. 90; *Armstrong* v. *Lawson,* 73 Ind. 498; *Evans* v. *Hardy, Admr.,* 76 Ind. 527.

Conceding this distinction to be well founded, we are still of opinion that the answers are good.

Even a parol contract for the sale of an interest in

real estate for a valuable consideration may be validated by possession taken and given under the contract. *Vide* authorities cited in *Barnett* v. *Washington Glass Co.*, 12 Ind. App. 631; *Swales* v. *Jackson*, 126 Ind. 282.

Under the averments of the answers, the contract was, by the vendor, fully executed, the vendee was placed in full possession and so remained, rightfully, until he had harvested the hay which he had purchased. The principles of equity will not permit one who has thus rightfully gone into possession as a purchaser to be transformed into a trespasser and wrongdoer at the will of the vendor or his privy.

The possession of appellee was sufficient to charge appellant with notice of his rights. *Campbell* v. *Indianapolis, etc., R. R. Co.*, 110 Ind. 490.

Judgment affirmed.

Filed June 7, 1895.