GELLING ET UX. *v.* CLARK ET AL.

[No. 12,508. Filed December 16, 1926. Rehearing denied March 16, 1927. Transfer denied November 24, 1931.]

William V. Rooker, for appellants.
Bagot, Free & Pence, for appellees.

NICHOLS, J.—Petition by appellees for a writ of assistance to put them into possession of land in Madison County, Indiana, to which they claimed title under a sheriff's deed. Petition sustained and judgment accordingly.

The errors relied upon for reversal are: (1) Overruling the motions of appellant for judgment in their favor on the special finding of facts; (2) error in the conclusions of law; (3) error in overruling appellants' motion for new trial which presents the alleged insufficiency of the evidence and that the findings are contrary to law.

It appears by the special findings that, on March 8, 1920, appellants were and still are husband and wife, and, as part payment of the purchase price for the real estate involved, they executed their promissory note for $3,300 to each of appellees; also one for the same amount and consideration to appellees McDaniel and Clark, as executors of the last will and testament of Martha C. Sommerville, deceased.

Thereafter, appellees McDaniel and Clark, as such executors, pursuant to the order of the Madison Circuit Court, and by way of distribution, duly assigned and transferred said last-mentioned note to appellee McDaniel, Clark and Hazel Sommerville.

On said March 8, 1920, to secure the payment of said notes, appellants executed to appellees and said executors their mortgage upon the real estate involved, being 120 acres owned by them described as follows: The

north half of the northwest quarter, and the southeast quarter of the northwest quarter, of section 32, township 19 north, range 8, east, containing 120 acres, more or less, in Madison County, Indiana. . Thereafter appellants continued to own, farm and occupy said real estate, and said mortgage remained in full force and effect.

Appellants defaulted in the payment of each and all of said notes, and on March 28, 1924, appellees commenced their action against appellants in the superior court of Madison County, for judgment upon their said several notes and for the foreclosure of said mortgage.

On April 21, 1924, after due service of process, appellants were duly defaulted, said cause was submitted to the court for trial, and the court made its finding and rendered judgment in favor of appellees for the amount due on the notes and for the foreclosure of said mortgage, decreeing the sale of the real estate described therein.

Appellants failed to pay or replevy such judgments, and, on May 1, 1924, appellees, by their *praecipe*, duly made and filed with the clerk of said court, directed said clerk to make out and issue to the sheriff of Madison County, Indiana, a certified copy of such judgment and decree of foreclosure. The clerk of said court, on appellees' *praecipe*, delivered to the sheriff of Madison County a duly certified copy of such judgment and decree, whereupon, such sheriff, after due notice, on May 31, 1924, sold the land to appellees for $15,414.24, being less than the full amount of the judgments. Appellees then and there paid to the sheriff the amount of their bid for said real estate, and such sheriff then and there executed to them his sheriff's certificate of sale. Such certificate contained the particular description of the premises and estate therein sold, and stated the time

when the appellees, as such purchasers, would be entitled to a deed of conveyance of the property.

Said real estate lies in one body or tract, and composes and has .composed, for more than 30 years last past, continuously, a single farm of 120 acres, the entire quantity thereof being owned and farmed by a single owner, and during such time the same has never been divided and no part thereof severed from the other, but the same has been continuously, for 30 years and more, farmed and operated as a single unit and farm and is improved with one set of buildings, consisting of a substantial two-story frame dwelling house, a barn, hog barn, chicken house and other outbuildings, and a large orchard near the buildings.

A public highway runs east and west along the north side of said north half of said northwest quarter of said section, and a north and south public highway runs across the west end thereof, and the entrance to said farm and improvements thereon is from said north and south highway. No part of the southeast quarter of the northwest quarter of said section lies adjacent to or abuts upon a highway, and did not, at the time of said sheriff's sale, and at all times since, there has not been any means of ingress or egress to and from said southeast quarter of said northwest quarter of said section from any public way except across the said north half of said northwest quarter or across the lands of persons other than the owner thereof, and neither appellants nor their grantors own any real estate adjacent to said southeast quarter of said northwest quarter of said section, except said north half of said northwest quarter.

Appellants failed and neglected to pay the taxes upon said real estate for the year 1924, payable in 1925, and appellees, on April 30, 1925, paid the same.

Appellants remained in the possession of said real estate at all times after such sale, and there was no re-

demption from such sale, and no offer or attempt made by appellants to redeem the same or any part thereof from such sale, and the sheriff, on June 1, 1925, executed to appellees a sheriff's deed conveying to them all of the right, title and interest of appellants in and to said real estate.

Neither of appellants attended the sale at the time it was made, though they had both legal and actual notice thereof. They still remain in possession of the land.

On June 3, 1925, appellees duly filed their complaint in ejectment against appellants in the superior court of Madison County, Indiana. Summons was duly issued and served on appellants, and, on their affidavit, the venue of said cause was changed to the Hancock Circuit Court.

No objection was made by appellants, or either of them, to the sale of said real estate or to the manner in which the same was sold by the sheriff, nor any steps or action whatever taken by them to set aside or vacate such sale.

They have remained in possession of said farm throughout the year 1925 to the present date, but have not, during said year, cultivated said farm nor planted any crops thereon.

Appellees and their ancestors were formerly the owners of said real estate and were informed during all the time affected by these proceedings that said lands were in separate territorial parcels, and that, when said lands were sold to appellants, there were delivered to them two separate abstracts of title. The real estate was conveyed to appellants by warranty deed, containing the description of said 120 acres, in two separately described tracts.

There is no evidence that, after the execution to them of said sheriff's deed, appellees or any one in their be-

half, went upon said premises and displayed said deed to appellants and demanded possession thereof, or any part thereof.

Appellants, upon the court's announcement of its findings of fact, and before the statement of any conclusion of law thereon, moved the court for judgment in their favor on the special findings, which motion was over-ruled.

The court stated its conclusions of law, that the law was with appellees; that appellees were entitled to the immediate possession of the land described in the findings and to have issued a writ of assistance, as prayed, directed to the sheriff of Madison County forthwith to dispossess appellants and put appellees in possession.

Appellants' motion for new trial was overruled. The court rendered judgment on the special findings of facts and conclusion of law for appellees.

Appellants first complain that the court erred in overruling their motion for judgment upon the special findings, this motion having been made before the court had stated its conclusions of law. It is the settled practice of this state, under the statute that, where there is a special finding of facts, the court states its conclusions of law thereon, and every question as to the correctness of each conclusion is saved by an exception thereto. Appellants, by their respective exceptions to the conclusions of law, have saved all the questions which they undertook to save by their motion for judgment in their favor on the special findings.

Appellants' contention that the sale of the real estate involved was upon an execution and not upon a certified copy of the court's decree is wholly unsustained by the record. It is expressly found, as appears above, and the finding is sustained by the evidence, that a certified copy of the decree was issued by the clerk of the court, upon a *praecipe* therefor, that

the sale was made thereon by the sheriff, and the return of the sheriff was indorsed upon such certified copy of the decree of sale. It is true that the evidence shows that the clerk issued an execution which was attached to the decree of sale, but it nowhere appears that it figured in any way whatever in the sale of the land. It appears both by the evidence and by the finding of the court that the sale by the sheriff was under the authority of the certified copy of the court's decree of sale, and was in every particular regular. Even if the sale had been made upon the execution as contended by appellants, such a procedure was but a mere irregularity, and is the same in legal effect as if it had been made upon the certified copy of the decree. *Mitchell* v. *Ringle* (1898), 151 Ind. 16, 50 N. E. 30, 68 Am. St. 212.

Appellants say the sheriff's act in making the sale of the land involved *in solido,* and not in separate tracts, was without authority of law. It appears both by the findings and the evidence that the land here involved was contiguous, was all one farm, and that it had been used as such 30 years or more; that it had been sold to appellants as one farm and conveyed to them by one deed of conveyance; that one of the tracts could not be reached from a public highway except over the other tract or over the lands of others; and that there was but one set of buildings upon the farm. There was no pretense of any fraud upon the part of the sheriff, and the whole tract having sold for less than the amount of the judgment, under such circumstances, such action of the sheriff in selling, in good faith, the land *in solido* was conclusive as to the regularity of the sale, and cannot in any way be reviewed in this proceeding. *Nelson* v. *Bronnenburg* (1881), 81 Ind. 193; *Lynch* v. *Reese* (1884), 97 Ind. 360.

Even if the sale had been irregular because of the failure of the sheriff to offer the land in parcels, such irregularity could only be taken advantage of by appellants within the statutory period for redemption, and, having acquiesced in such alleged irregularity until after the expiration of the statutory period of redemption, and until the bringing of this action, appellants must be deemed to have waived the irregularity, if such it had been. *Wright* v. *Dick* (1889), 116 Ind. 538, 19 N. E. 306; *Nelson* v. *Bronnenburg, supra.*

Appellants next contend that the superior court of Madison County was without jurisdiction to try this cause because of the action in ejectment commenced in the Madison Superior Court, and, on appellants' application, taken on change of venue to the Hancock Circuit Court. But appellants cannot prevail in this contention. The rule that must prevail under such circumstances is thus stated in 5 C. J. page 1316: "The remedies given to the purchaser of land under the decree of foreclosure by writ of assistance and by forcible entry and detainer are concurrent, and both may be pursued at the same time until a satisfaction is had. So the mere commencement of an action of ejectment by a purchaser at a judicial sale is not of itself sufficient to bar the court decreeing the sale from putting him in possession of the property by a writ of assistance against a party to the decree."

The authorities there cited to wit: *Keil* v. *West* (1885), 21 Fla. 508; *Trope* v. *Kerns* (1890), 83 Cal. 553, 23 Pac. 691; and *Kessinger* v. *Whittaker* (1876), 82 Ill. 22, sustain the statement of the rule.

Finally, appellants say that there was no demand made upon them for possession, and that such demand, being a prerequisite to an application for a writ of assistance, the court had no right to issue such writ. While it is true that a demand for pos-

session and refusal thereof are ordinarily conditions precedent to an order issuing the writ, it is also the law that where, as here, a decree and subsequent proceedings thereunder settle the complainants' right to the possession of the land, the award of a writ of assistance need not be postponed until after delivery of possession by the defendant has been refused. 5 C. J. 1322; *Gardner* v. *Duncan* (1913), 104 Miss. 477, 61 So. 545. But, even if such demand were necessary as a prerequisite to the bringing of this action, the action in eject-ment by appellees and the appearance thereto by appellants, with a change of venue from the Madison Superior Court to the Hancock Circuit Court at the instance of appellants, was a sufficient demand for possession by appellees and a refusal thereof by appellants, to justify the court in issuing a writ of assistance in aid of its decree of foreclosure and order of sale of the real estate. We have carefully examined the record in this case, and we have to say that the facts, as they appear by the evidence and as found by the court, the law, and the equities are with appellees. The court did not err in its rulings.

Judgment affirmed.