## McKINNEY *v.* CRAWFORD.

[No. 14,366.   Filed December 16, 1932.]

W. E. Henderson and H. R. Wilson, Jr., for appellant.
Fred R. Owens and ·Branigin & Branigin, for appellees.

NEAL, J.—Amos D. McKinney, on January 17, 1931, filed his complaint against Ralph E. Crawford, S. E. Vandivier, and Franklin College to declare void and set aside a deed made by Vandivier, as sheriff of Johnson County, to Crawford. Franklin College was made a defendant to answer as to its interest in said lands because of a mortgage executed to it by Crawford. Each of the defendants demurred separately to the complaint. Each of the demurrers being sustained, plaintiff appeals and assigns as error the court's sustaining said demurrers.

The complaint on its face shows that on April 29,

1922, by a decree of the Johnson Circuit Court, the sheriff of said county was directed to sell so much of appellant's lands as described in the complaint as were required to satisfy a certain foreclosure judgment; that said sheriff, pursuant to said directions, advertised said property to be sold on June 16, 1923; and that appellee Crawford purchased said lands at the sheriff's sale. Appellant alleges that there were certain irregularities in the sale of said lands by the sheriff and because of said irregularities appellant asks the court to set aside the sale of said lands by the sheriff and to declare null and void the deed issued by said sheriff to appellee Crawford.

Each of appellee's demurrers proceed upon the theory that insufficient facts are stated in the complaint to constitute a cause of action in that irregularities in the sale of land by a sheriff do not cause such sale to become void, it is voidable only; appellant must show that he acted with diligence; that appellant having delayed from 1923 until 1931 before he brought this action, he must show some reason or excuse for such delay; that appellant has shown no excuse or reason for such delay; that having shown no excuse or reason for delay, he is estopped by laches.

Appellees' demurrers are well taken. It has been held that irregularities in the sale of real estate by a sheriff do not render such sale void, but voidable only. *Nelson* v. *Bronnenburg* (1881), 81 Ind. 193; *Johnson* v. *Murray* (1887), 112 Ind. 154, 13 N. E. 273; *Wright* v. *Dick* (1888), 116 Ind. 538, 19 N. E. 306; *Gelling* v. *Clark* (1926), 93 Ind. App. 346, 154 N. E. 392; *Ritchey* v. *Merritt* (1886), 108 Ind. 347, 9 N. E. 368. In *Nelson* v. *Bronnenburg, supra,* it was held that if there are irregularities occurring in the sale of the land by the sheriff, the action should be brought by the aggrieved party within a reasonable time, to have the

sale set aside, and that "undoubtedly, a reasonable time must be some time within the period fixed by law for redemption. If that period be allowed to expire and a deed be executed, the application can not afterwards be made, *unless under special circumstances of fraud or mistake, showing some reasonable excuse for the delay.*" In the case of *Wright* v. *Dick et al.* (1888), 116 Ind. 538, 19 N. E. 306, is a case wherein the Supreme Court, through Mitchell, J., held that gross inadequacy ■ of price, coupled with slight additional facts showing fraud, irregularity, or any other circumstance which may have operated to prevent the property from bringing its fair value, will avoid a sheriff's sale, but that mere irregularities "may be waived by the debtor, and will be deemed waived if he acquiesces during the statutory period of redemption." See, also, *Lashley et al.* v. *Cassell* (1864), 23 Ind. 600; *Branch* v. *Foust et al.* (1891), 130 Ind. 538, 30 N. E. 361, which are cases wherein the special circumstances were such as to justify the setting aside of the sheriff's sale of real estate, even after the period of redemption has expired and the sheriff's deed executed.

In the instant case appellant delayed his action for more than seven years, which is far in excess of the statutory period of redemption. The deed was ■ issued to appellee Crawford. The allegations in the complaint are insufficient to show fraud or mistake. Appellant made no showing of a reasonable excuse for his delay in bringing this action. Under such circumstances the court did not err in sustaining the demurrers to the complaint.

Judgment affirmed.