WILLARD *v.* BRINGOLF ET AL.

[No. 15,175.  Filed December 15, 1936.]

*McMahon, Strom & Hulbert,* for appellant.

*Oscar Jay* and *D. Russell Bontrager,* for appellees.

Wood, C. J.—The appellant brought suit against the appellees by a complaint in two paragraphs; the first was for possession of real estate and damages for its unlawful detention; the second was to quiet title to the same tract of real estate. To this complaint appellees filed an answer in general denial and a second paragraph of answer alleging affirmative facts on the theory of former adjudication. To this second paragraph of answer the appellant filed a reply in two paragraphs, the first being upon the theory of confession and avoidance, the second being a general denial. The appellee Herman Bringolf filed a cross-complaint against the appellant, asking that his title be quieted to the real estate in question. Appellant filed an answer in general denial to this cross-complaint.

Upon these issues the cause was tried to the court without a jury. Upon request, the court found the facts specially and stated conclusions of law thereon in favor of the appellees, pursuant to which judgment was rendered against the appellant on her complaint, and in favor of the appellee Herman Bringolf on his cross-complaint, quieting his title in said real estate as against the appellant.

Appellant filed a motion for a new trial, alleging as causes therefor, that the decision of the court was con-

trary to law, and was not sustained by sufficient evidence. This motion was overruled, and appellant appeals, assigning this action of the trial court as the only error for reversal.

To aid in applying the facts to the tracts of real estate involved in this litigation, a plat showing the boundary lines of each tract of real estate is set out herein, and is as follows:

NOTE:—Twenty acres in southeast corner of unknown shape excepted.

From the court's special finding we summarize the following pertinent facts. For more than ten years

previous to April 22, 1921, John P. Stauffer had been the owner of both tracts of real estate designated as "A" and "B" in the plat, on that day Stauffer conveyed both of these tracts of real estate to Stanford Willard. From May 10, 1921, to May 4, 1924, judgments were recovered against Stauffer in favor of six different parties in the Elkhart Superior Court, in amounts aggregating $4,809.41. May 2, 1924, a judgment was rendered in the Elkhart Superior Court, setting aside the deed from Stauffer to Stanford Willard, for fraud in its execution, and ordering both of the tracts of real estate contained within the plat sold to satisfy said judgments. May 16, 1924, execution was duly issued on each of the judgments and placed in the hands of Arthur W. Fonda, the then sheriff of Elkhart County. November 15, 1924, Fonda, as sheriff, returned the executions with a written return thereon, to which he recited, that he had given notice of the sale of the real estate of Stauffer on which he had levied to satisfy said judgments, as required by statute, a copy of the notice was attached to the return. He also recited that on November 15, 1924, he sold the real estate described in the notice to one Herbert W. Layer, Trustee; that he had executed his certificate of purchase to Layer, Trustee; that he paid over to the different judgment creditors the amount of their respective judgments, and that said judgments were satisfied. This return was filed in the office of the clerk of the court November 22, 1924. The notice set out in the return was a true copy of the notice which the sheriff gave of the sale and which he filed in the clerk's office. That portion of the real estate indicated as tract "B" on the plat was not described or included in the notice of sale attached to the return, nor was it included in the return of the execution or certificate of sale. November 22, 1924, the sheriff also filed a copy of the certificate of sale in the clerk's office, and it was

recorded in Lis Pendens Record. November 13, 1925, Layer, Trustee, assigned his certificate of sale to the appellee Bringolf and on November 16, 1925, Thomas Long, the then sheriff of Elkhart County, executed a sheriff's deed to Bringolf, in which the land was described just as it was in the certificate of sale. This sheriff's deed was placed on record November 20, 1925. In November, 1925, the appellee Bringolf took possession of all the real estate contained in the plat, being tracts "A" and "B" and the cart way, and being the same land which Stauffer had conveyed to Stanford Willard April 22, 1921, and he had ever since been in possession of said real estate under a claim of ownership. In March, 1930, Bringolf leased all the real estate included in the plat to his co-appellee, Pippenger, and he has ever since been in possession of the same as tenant of Bringolf. February 15, 1926, Arthur W. Fonda, whose term of office as sheriff of Elkhart County expired upon January 1, 1925, filed a petition in the Elkhart Superior Court, in which he alleged that in making his return on the execution above referred to, the land reported sold was erroneously described, and in said petition he asked leave of court to amend his return, and submitted to the court for its approval such amended return as he desired to make. No notice of any kind or character was given to any person of the filing of this petition, and no person except Arthur W. Fonda appeared thereto. February 15, 1926, the court granted permission to amend said return, and endorsed its approval on the amended return so submitted to it. February 15, 1926, the said Arthur W. Fonda filed said amended return as approved by the Elkhart Superior Court in the office of the clerk of said court. In said amended return the entire tract of real estate including both tracts "A" and "B" contained in the plat, and being the tract of real estate described in the deed from

Stauffer to Stanford Willard April 22, 1921, was correctly described. February 15, 1926, Thomas Long, the then sheriff of Elkhart County, executed a sheriff's deed to the appellee Bringolf, of the same real estate described in the amended return of that date. This deed was placed on record February 15, 1926. Stanford Willard died testate in Elkhart County, September 30, 1926. Under the terms of his will, which was duly admitted to probate, his widow, Anna E. Willard, became the owner of all the real estate of which he died seized. February 24, 1932, Anna E. Willard, surviving widow of Stanford Willard, executed a quit claim deed to John P. Stauffer of any interest which she might have in the tract of real estate designated as tract "B" on the plat. February 25, 1932, Stauffer confessed judgment in favor of Anna E. Willard for the sum of $25,000 in the Elkhart Circuit Court. March 3, 1932, the clerk of the Elkhart Circuit Court issued an execution on this judgment and placed it in the hands of Mearl A. Forry, sheriff of Elkhart County, for service. March 4, 1932, the sheriff levied this execution upon that portion of the real estate designated on the plat as tract "B," which tract of real estate, at the time, was in possession of appellee Bringolf under a claim of ownership. April 9, 1932, the sheriff sold tract "B" of said real estate on which he had levied the execution in his hands at sheriff's sale to appellant Frances E. Willard for the sum of $2,000 and delivered to her his certificate of sale therefor. April 11, 1932, Stauffer executed his quit claim deed to appellant Frances E. Willard for said real estate designated as tract "B" on the plat.

April 5, 1932, appellee Bringolf filed his complaint in the Elkhart Circuit Court against Anna E. Willard, individually, and in her capacity as executrix of the last will and testament of Stanford Willard, deceased, Frances E. Willard and John P. Stauffer, to quiet his

title to the tracts of real estate designated on the plat as "A" and "B" and the cart way. April 26, 1932, Anna E. Willard, individually, and as executrix of the last will and testament of Stanford Willard, deceased, and John P. Stauffer filed disclaimers to said tracts of real estate and on May 10, 1932, on their motion said cause was dismissed as to them. April 26, 1932, Frances E. Willard filed a cross-complaint in said cause asking that her title be quieted in that tract of real estate designated as "B" on the plat. May 10, 1932, on motion of appellee Bringolf, his action against Frances E. Willard was dismissed, and in December, 1932, she dismissed her cross-complaint against appellee Bringolf. November 21, 1932, Anna E. Willard executed a quit claim deed to appellant conveying all her interest in the real estate designated as tract "B" on the plat, being the same tract of real estate sold to appellant by the sheriff of Elkhart County on April 9, 1932. On April 13, 1932, and November 26, 1932, appellant demanded possession of the tract of real estate designated as "B" on the plat from appellees, which demand was refused. The court found as a fact that the appellee Bringolf was the owner in fee simple of all the real estate shown on the plat, and that the claim of appellant in and to said real estate was without right and unfounded, and a cloud upon appellee Bringolf's title in and to said land.

It is appellant's contention that special finding No. 20 reading as follows: "cross-complainant Herman Bringolf is and was at the time of filing his cross-complaint the owner in fee simple of the real estate described in his cross-complaint," is not sustained by sufficient evidence and is contrary to law. All of appellant's propositions, points and authorities are directed to the support of this contention. In answer thereto, appellees assert that finding No. 20 is not the finding of an ultimate fact, but is a conclusion of

law, improperly cast in the special finding of facts, has no force or effect as such, and that since the correctness of this finding is the only question presented by appellant, her assignment of error brings nothing before us for consideration, and cite *Kitts* v. *Wilson* (1891), 130 Ind. 492, 29 N. E. 401, which supports their contention. Of course this court will not presume to override a precedent announced by the Supreme Court, but after a thorough and diligent search, we have not been able to find any instance in which that case has been cited or followed on this point, where the question of ownership of property was the issue tendered for the court's decision. On the other hand our Supreme Court, this court, and the courts of other states and the authorities hold that in cases where the ownership of property is the issue tendered, that it is then an ultimate fact properly found by the court, and is not a conclusion of law. The following Indiana cases recognize this rule: *City of Indianapolis* v. *Kingsbury* (1884), 101 Ind. 200; *Stalcup* v. *Dixon* (1893), 136 Ind. 9, 35 N. E. 987; *Smith* v. *Wells, etc., Co.* (1897), 148 Ind. 333, 46 N. E. 1000; *Eckart* v. *Fort Wayne, etc., Co.* (1913), 181 Ind. 352, 104 N. E. 762; *Kostanzer* v. *State* (1933), 205 Ind. 536, 187 N. E. 337; *Newark, etc., Co.* v. *Martinsville, etc., Co.* (1920), 74 Ind. App. 14, 128 N. E. 616, and authorities there cited. *Mellencamp* v. *Reeves, etc., Co.* (1934), 100 Ind. App. 26, 190 N. E. 618, and authorities there cited. (Transfer to Supreme Court denied February 18, 1935.) *Universal, etc., Co.* v. *Glover* (1935), 100 Ind. App. 327, 195 N. E. 583; *Sabinske* v. *Patterson* (1935), 100 Ind. App. 657, 196 N. E. 539, and authorities cited. See also, 2 Hayne, New Trial and Appeal, Sec. 242, p. 1339, and authorities cited. 51 C. J., sec. 249, p. 264, and authorities cited. Bearing in mind the issues tendered in the instant case, we will

treat finding No. 20 as a proper finding of an ultimate fact for the purpose of this opinion.

The deed of conveyance from John P. Stauffer to Stanford Willard was set aside for fraud, and the real estate described therein, which was all the real estate contained in the above plat, was ordered sold to satisfy the judgment which had been obtained against Stauffer. No one is questioning the regularity of these judgments in this proceeding. The executions were issued and delivered to the sheriff for service and return, and no one questions the regularity and validity of these writs. The amended return of the sheriff to these executions recites that he levied upon, advertised and sold all the real estate contained in the plat as the property of Stauffer to satisfy the several judgments, and an amended sheriff's deed containing a correct description of all the real estate in the plat was issued to the appellee Bringolf and placed on record. The description of the real estate in the copy of the notice of sale attached to the original return did not contain that portion thereof designated as tract "B" on the plat. While this may have been an irregularity in the sheriff's sale of the real estate, it did not have the effect of rendering the sale void but voidable. *White* v. *Cronkhite* (1871), 35 Ind. 483; *Jones* v. *Kokomo, etc., Co.* (1881), 77 Ind. 340; *Nelson* v. *Bronnenburg* (1881), 81 Ind. 193; *Richey* v. *Merritt* (1886), 108 Ind. 347, 9 N. E. 368; *Johnson* v. *Murray* (1887), 112 Ind. 154, 13 N. E. 273; *Hallcraft* v. *Douglas* (1888), 115 Ind. 139, 17 N. E. 275; *Wright* v. *Dick* (1888), 116 Ind. 538, 19 N. E. 306; *Gilling* v. *Clark* (1926), 93 Ind. App. 346, 154 N. E. 392; *McKinney* v. *Crawford* (1932), 95 Ind. App. 334, 183 N. E. 406; 23 C. J. sec. 599, p. 642.

The rule is that great liberality in amending returns should be allowed and no formal proceedings are neces-

sary, and a return when properly amended with the sanction of the court speaks as of the date of the original return. In discussing the rights of an officer to amend his return, and the effect thereof, even though his term of office may have expired, our Supreme Court in the case of *Dwiggins* v. *Cook* (1880), 71 Ind. 579, p. 580, said: "The appellant complains that an amendment to the return to the execution upon which the property was sold was allowed to be made by one who, at the time of making the return, was sheriff, but who was out of office at the time of making the amendment. It is well settled that a sheriff may, under sanction of the court, at any time, so amend his return as to make it speak the truth, and we can see no reason why an officer whose term of office has expired may not amend a return made by him while in office. The ground upon which all the cases proceed is, that the amendment speaks from the date of the original return and is the act of the officer as of that time. The reason of the rule would therefore quite as forcibly apply to the acts of one whose official term has expired as to those of one in office. It would be unjust to overthrow a title which the truth would uphold, by refusing to allow an amendment to be made to a sheriff's return which would cause it to speak the truth.

"The authorities are strongly in favor of the right to amend a return after the expiration of the official term." See also *Turner* v. *First National Bank* (1881), 78 Ind. 19; *Waymire* v. *State* (1881), 80 Ind. 67; *Walker* v. *Shelbyville, etc., Co.* (1881), 80 Ind. 452; *Wilcox* v. *Mondy* (1883), 89 Ind. 232.

But the appellant contends that since there was no notice given of the filing of the petition by the former sheriff, Fonda, for leave to amend his return, it is not binding upon John P. Stauffer, Anna E. Willard, or herself. Whether or not a notice of

the filing of a petition to amend the officer's return to an execution is necessary, is a question on which the authorities are in conflict. *Stetson* v. *Freeman* (1886), 35 Kan. 523; *Kitchen* v. *Reinsky* (1868), 42 Mo. 427; *Barker* v. *Binninger* (1868), 14 N. Y. 270; 3 Freeman, Executions (3rd) sec. 358; 21 R. C. L. sec. 77, p. 1329; 23 C. J. sec. 883, p. 801; *Turner* v. *First National Bank, supra.* The facts presented by the record make it unnecessary for us to express an opinion on the necessity of a notice in such proceedings. The time within which a motion to amend the return must be made has never been limited. 3 Freeman, Executions (3rd) sec. 359. The amendment of the sheriff's return was made February 15, 1926. After this amendment was made and the amended deed executed and placed on record, the following transactions involving the real estate in question took place: September 30, 1926, Stanford Willard, the grantee of Stauffer in the deed of April 22, 1921, died testate. February 24, 1932, Anna E. Willard, as surviving widow of Stanford Willard, executed a quit claim deed to Stauffer of all interest in the real estate designated as tract "B" on the plat. February 25, 1932, Stauffer confessed judgment in favor of Anna E. Willard for $25,000. Execution was issued on the judgment. March 3, 1932, the sheriff levied this execution upon the real estate designated as tract "B" on the plat, and on April 9 it was bid in by appellant at sheriff's sale but a sheriff's deed was never executed as a result of this sale. April 5, 1932, appellee Bringolf filed his complaint in the Elkhart Superior Court against Anna E. Willard, individually, and as executrix of the last will and testament of Stanford Willard, John P. Stauffer, and appellant to quiet his title to all the real estate contained within the plat. April 11, 1932, Stauffer executed a quit claim deed to appellant of all interest in the real estate designated as tract "B" on the plat.

April 26, 1932, Anna E. Willard, individually, also as executrix of the Stanford Willard estate, and John P. Stauffer filed disclaimers in the suit to quiet title of appellee Bringolf, and Frances E. Willard, appellant, filed a cross-complaint in ejectment and to quiet her title to that tract of real estate designated as "B" on the plat. May 10, 1932, on motion of Anna E. Willard, individually, also as executrix of the Stanford Willard estate, and John P. Stauffer, the action of Bringolf was dismissed as to them. On the same day appellee Bringolf dismissed the action as to Frances E. Willard, and in December, 1932, appellant dismissed her cross-complaint against appellee Bringolf. November 21, 1932, Anna E. Willard executed a quit claim deed to appellant of all interest in that tract of real estate designated as "B" on the plat. Appellee Bringolf, upon receipt of the first sheriff's deed in November, 1925, took possession of all the real estate included within the plat, and has retained possession thereof continuously under a claim of ownership up to and at the time of the trial of this action in the lower court. Thus it is apparent that at the time the sheriff was permitted to amend his return, the appellant was not a party to the record, and at that time had no interest of any kind in the real estate in which she now seeks to have her title quieted. Nor do the facts show that between November 15, 1924, the date upon which the original return was made, and February 15, 1926, the date upon which the amended return was made, any of the interested parties as disclosed by the record had in any way changed or altered their status as to any of said real estate. The facts do not show that John P. Stauffer, the execution defendant, ever at any time questioned the regularity or validity of the sale nor the original or amended returns of the sheriff to the executions on which the sale was made. No one but Stauffer, the execution defendant,

could complain of these irregularities, and even he cannot do it in a collateral manner, as is being attempted in the instant case. Furthermore, we are unable to differentiate appellant's position from that of a judgment creditor, and one who claims in the character of a judgment creditor cannot avail himself of a mere irregularity to defeat a consummated sale. The finding of facts contains nothing showing any excuse for failure of the judgment defendant Stauffer or his grantees to take some action for his protection in the sale of his property. Upon the facts found, the reasonable inference is that Stauffer had notice of the sale of his real estate, and of any irregularities connected therewith, and that because of his failure to make timely objection thereto he acquiesced therein. *Fry* v. *Gallaspie* (1878), 61 Ind. 478; *Jones* v. *Carnahan* (1878), 63 Ind. 229; *Jones* v. *Kokomo Bld'g Ass'n* (1881), 77 Ind. 340; *Nelson* v. *Bronnenberg, supra; Richey* v. *Merritt, supra; Johnson* v. *Murray, supra; Hollcraft* v. *Douglas, supra; McKinney* v. *Crawford, supra.*

The law is so well settled that in a suit in ejectment, or to quiet title to real estate, the party asserting such right must recover upon the strength of his own title, and not upon the weakness of his adversary's title, that the citation of authorities is unnecessary. The court found that both of the deeds which Bringolf received from the sheriff were duly recorded; that Bringolf took and continuously retained possession of the real estate from November, 1925, under a claim of ownership, and that the appellee Pippinger was continuously in possession thereof as tenant from March, 1930. It was while appellees were occupying the real estate under this set of facts that appellant asserts that she became the owner in fee simple of that portion thereof designated as tract "B" on the plat. In the recent case of *Callahan Co.* v. *Lafayette Con-*

*sumers Co.* (1936), 102 Ind. App. 319, 331, 2 N. E. (2d) 994, this court in discussing the respective rights of adverse claimants to real estate said: "As applied to controversies of the class to which the instant case belongs, the court recognizes two kinds of notice, namely, actual and constructive notice, in determining whether the purchaser of an interest in real estate is or is not a bona fide purchaser thereof. Notice has been held by some courts to be actual when it has been directly and personally given to the person to be notified. However, it is stated to be the general rule that actual notice embraces all degrees and grades of evidence from the most directive and positive proof to the slightest circumstances from which a court or jury would be justified in inferring notice. It is a mere question of fact and is open to every species of legitimate evidence which may tend to strengthen or impair the conclusion. Constructive notice is a legal inference from established facts and, like other legal conclusions does not admit of dispute. *Mishawaka, etc., Co.* v. *Neu* (1936), 209 Ind. 433, 196 N. E. 85; 20 R. C. L. §2, p. 340. Thus, deeds, mortgages, and leases of real estate for a period of more than three years, when properly acknowledged and placed on record as required by section 56-119 Burns 1933, section 14671 Baldwin's 1934, are constructive notice of their existence, and charge a subsequent grantee with notice of all that is shown by the record, including recitals in the instrument so recorded. *Rosser* v. *Bingham* (1861), 17 Ind. 542; *Oglebay* v. *Todd* (1905), 166 Ind. 250, 76 N. E. 238; *Gregory* v. *Arms* (1911), 48 Ind. App. 562, 96 N. E. 196.

"In *Smith* v. *Schweigerer* (1891), 129 Ind. 363, 28 N. E. 696, our Supreme Court said: 'The appellee was first in point of time, and his possession was indicated by acts assertive of ownership, so that the appellant was put upon inquiry. As he had notice of facts mak-

ing it incumbent upon him to make due inquiry, he is bound by all the knowledge which a reasonable inquiry would have imparted. *Harper* v. *Ely,* 56 Ill. 179; *Kuhns* v. *Gates,* 92 Ind. 66. But in this instance there was not merely notice of facts putting the party upon inquiry, but there was also notice that the person in possession was there as owner. It is impossible, therefore, to regard the appellant as a *bona fide* purchaser. One who purchases with full knowledge of prior equitable or legal rights is not a purchaser in good faith. Notice before payment of the purchase-money prevents the acquisition of the character of a bona fide purchaser. *Anderson* v. *Hubble,* 93 Ind. 570. See also *Hawes* v. *Chaille* (1891), 129 Ind. 435, 28 N. E. 848.

"Where a prospective purchaser of real estate is informed by a tenant in possession of the lessor's claim or interest in the premises, he is put upon inquiry and cannot thereafter become a bona fide purchaser. *Gallion* v. *McCaslin* (1820), 1 Blackf. 91. This court has held that a parol contract for the sale of real estate for a valuable consideration may be validated by possession given and taken under the contract, and that the principles of equity will not permit one who has thus rightfully gone into possession as a purchaser to be transformed into a trespasser and wrongdoer at the will of a vendor or his privy. Possession of such purchaser is sufficient notice of his rights. *Mowery* v. *Davis* (1895), 12 Ind. App. 681, 40 N. E. 1108.

"Open, visible, continuous, notorious, unequivocal, exclusive, and uninterrupted possession of land, a possession which would be naturally and generally known is notice to the prospective purchaser of the rights of one in possession, and that knowledge of possession on the part of the purchaser is not necessary, notice in such cases is a legal deduction from the fact of possession, and possession by an equitable claimant

at the time of consummation of the sale is as effective to charge the purchaser with notice as the recording of an instrument prior to such purchase. *Mishawaka, etc., Co.* v. *Neu, supra; Johnson* v. *Glancy* (1835)·, 4 Blackf. 94; *Decker* v. *Mahoney* (1917), 64 Ind. App. 500, 116 N. E. 57; *DeHaeze* v. *Joyce* (1930), 92 Ind. App. 48, 174 N. E. 238; 27 R. C. L. §475, p. 710.

"In the case of *Wulson* v. *Kruse* (1915), 270 Ill. 298, 110 N. E. 361, the Supreme Court of Illinois said (p. 302) : "It is well settled that actual possession of lands by a party under an unrecorded deed is constructive notice of the legal and equitable rights of the party in posses- sion. Possession by a tenant is the same, in all respects, as possession by the party himself. (Citing authorities.)

" 'Contracts not under seal, and even contracts not in writing, affecting land, are recognized in equity if they have been so far performed that to permit the party to repudiate them would be fraud.' See also *Moore* v. *Machinery, etc., Co.* (1921), 297 Ill. 564, 131 N. E. 141; *Manley* v. *Tow* (1901), 110 Fed. 241; *Bastin* v. *Myers* (924), 82 Ind. App. 325, 144 N. E. 425 (transfer to Supreme Court denied December 19, 1924).

"The appellant was bound to take notice of the recorded Wildhack lease, and the assignments thereof duly entered of record. *American, etc., Co.* v. *Indiana, etc., Co.* (1906), 37 Ind. App. 439, 76 N. E. 1006."

We think the language above quoted and the principles of law announced therein are applicable to the facts and conclude the rights of the parties in the case at bar, and that the court did not err in overruling. the motion for a new trial.

Judgment affirmed.