Donald GUTHRIE, Kevin Guernsey, and Underwood Car Credit & Salvage Yard, Inc., Appellants (Defendants Below),

v.

NATIONAL ADVERTISING COMPANY Appellee (Plaintiff Below).

No. 72A01–8911–CV–00440.

Court of Appeals of Indiana, First District.

July 10, 1990.

---

**338**

Thomas E. Everitt, Everitt, Houston & Thompson, P.C., Scottsburg, for appellants.

Wilson S. Stober, Andrew Z. Soshnick, Baker & Daniels, Indianapolis, for appellee.

ROBERTSON, Judge.

Donald Guthrie, Kevin Guernsey and Underwood Car Credit and Salvage Yard, Inc. appeal the entry of a declaratory judgment and permanent injunction in favor of the appellee-plaintiff National Advertising Company.

We affirm.

The issue presented for review in this case is whether the appellants, collectively referred to as Guthrie, as real estate purchasers, are bound by an unrecorded advertising sign ground lease entered between their predecessor in title, and the appellee, National Advertising Co. Guthrie disputes the Scott Circuit Court's findings that they had actual knowledge of National Advertising's lease and had knowledge of facts which should have led them to inquire about the lease.

IND.CODE 32–1–2–11 provides that unrecorded real estate leases for a period of longer than three years are binding upon subsequent purchasers having notice of the lease. Deeds and mortgages when properly acknowledged and placed on record as required by statute are constructive notice of their existence. *Wienke v. Lynch* (1980), Ind.App., 407 N.E.2d 280, 286; *Willard v. Bringolf* (1936), 103 Ind. App. 16, 29, 5 N.E.2d 315. An otherwise valid instrument which is not entitled to be recorded does not operate as constructive notice but may bind persons having actual notice. *Rogers v. City of Evansville* (1982), Ind.App., 437 N.E.2d 1019, 1028, *trans. denied.*

Notice is actual where the purchaser is aware of the adverse claim or title or has such information as would lead to knowledge. *White v. Foster* (1881), 77 Ind. 65.

Notice has been held by some courts to be actual when it has been directly and personally given to the person to be notified. However, it is stated to be the general rule that actual notice embraces all degrees and grades of evidence from the most directive and positive proof to the slightest circumstances from which a court or jury would be justified in inferring notice.

*Willard v. Bringolf,* 103 Ind.App. at 29, 5 N.E.2d 315. A purchaser who has notice of facts making it incumbent upon him to make due inquiry is bound by all the knowledge which a reasonable inquiry would have imparted and actual notice may be implied therefrom. *Rogers,* 437 N.E.2d at

1027; *Willard,* 103 Ind.App. at 30, 5 N.E.2d 315. *See also Smith v. Schweiger-er* (1891), 129 Ind. 363, 365, 28 N.E. 696. Notice is an ultimate fact. *Rogers,* 437 N.E.2d at 1027.

 When reviewing a trial court's finding of ultimate fact, we will neither reweigh the evidence nor reassess the credibility of witnesses and will not set aside the fact-finding of the trial court unless it is clearly erroneous. The trial court will not be reversed on the evidence unless there is a total lack of supporting evidence or the evidence is undisputed and leads only to a contrary conclusion. *State Election Bd. v. Bayh* (1988), Ind., 521 N.E.2d 1313, 1315.

The trial court's determination that Guthrie had notice in the form of actual knowledge and knowledge of facts sufficient to cause a reasonable person to inquire is indeed supported by the evidence of record. At the time of sale by auction, both the auctioneer and Zore, the seller, described the signed lease to Guthrie. Though he may not have known at that time that National Advertising, a subsidiary of 3M, was the lessee, Guthrie knew of the existence of a lease on the land upon which the sign was placed with eight to nine years remaining on it and a yearly income of $1000. He was specifically told again at closing by Zore and Zore's attorney that National Advertising owned and maintained an advertising sign on the real estate and that he needed to contact National Advertising to receive payment of rent. Finally, as the trial court found, Guthrie personally knew of the existence of the sign on the property and had an opportunity at the time of sale to visually inspect the sign which had had the National—3M logo prominently placed on both sides since April, 1986. Guthrie agreed to buy the property in July, 1986. Zore executed the deed August 8, 1986.

Guthrie's argument is premised upon facts other than those found to be true by the trial court. We are not at liberty to substitute Guthrie's version of the facts for those found by the court below. On this record, the trial court's fact-finding is not clearly erroneous.

Judgment affirmed.

RATLIFF, C.J., and MILLER, P.J., concur.