**CROWN COIN METER COMPANY, Commercial Coin Laundry Systems, American Coin Laundry, Appellants–Defendants,**

v.

**PARK P, LLC, Appellee–Plaintiff.**

**No. 34A02–1002–PL–185.**

Court of Appeals of Indiana.

Sept. 10, 2010.

Bruce Brattain, Mario Garcia, Brattain & Minnix, Indianapolis, IN, Attorneys for Appellants.

Dan J. May, Kokomo, IN, Attorney for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

The new owner of an apartment complex filed a complaint to quiet title and for declaratory judgment against the company that installed and maintained coin-operated laundry equipment in the complex for use of the residents. The laundry equipment company leased the laundry facilities on the property from the prior owner of the apartment complex pursuant to a written lease agreement. Because the ten-year lease agreement was never recorded as required by Indiana statute, the new owner claims that the lease agreement is void as a matter of law. The trial court entered summary judgment in favor of the new owner, Park P, LLC ("Park P"). The laundry equipment company, Crown Coin Meter Company, Commercial Coin Laundry Systems, and American Coin Laundry (collectively "Commercial Coin") appeals, arguing that the trial court erred when it granted summary judgment declaring the lease agreement void because there is a genuine issue of material fact as to whether Park P had notice of Commercial Coin's leasehold interest in the property prior to its purchase of the apartment complex. Finding that a genuine issue of material fact remains, we reverse the judgment of the trial court and remand for further proceedings.[1]

### Facts and Procedural History

The undisputed material facts indicate that Commercial Coin is a general partnership, with its principal place of business located in Cook County, Chicago, Illinois. Commercial Coin is engaged in the business of installing and maintaining commercial laundry equipment in multiple-unit apartment and condominium buildings for the use of the residents therein. On or about February 24, 2000, Commercial Coin, as lessee, entered into a ten-year written real estate lease agreement with Cliff LeCleir as agent for Home Apartment Development, lessor. The agreement consisted of a one page, legal-size

---

1. Both parties filed motions to strike portions of the briefs and record on appeal, which we deny in orders issued simultaneously with this opinion.

lease (the "Lease"), and a one page, letter-size rider to the Lease. At that time, Home Apartment Development was the owner of an approximately 254–unit apartment rental property located in Kokomo. The Lease was for the purpose of Commercial Coin installing and maintaining commercial laundry equipment in the two laundry rooms (the "Demised Premises") at the apartment property. Commercial Coin installed its laundry equipment in the Demised Premises on March 6, 2000.

Since the installation of its laundry equipment at the Demised Premises, Commercial Coin has had large signs on the walls of the laundry rooms and three-inch-by-five-inch labels on each of its forty-five laundry machines. The signs and labels feature bright blue ink against a white background, and contain Commercial Coin's name and logo, office telephone number, and twenty-four-hour toll-free service telephone number. The signs and the labels state that the laundry machines are operated by Commercial Coin "PURSUANT TO A WRITTEN LEASE FOR THESE PREMISES...." Appellants' App. at 96.

On or about April 28, 2005, Park P purchased the apartment complex. On May 4, 2005, Commercial Coin mailed a letter to Park P requesting that Park P, as the new owner of the property, execute "New Lessor/Agent Verification and Tax Identification" forms so that Commercial Coin could direct future rent payments for the Demised Premises to Park P. *Id.* at 100. Gabriel Naranjo, as owner of Park P, executed and signed the documents and returned them to Commercial Coin. Thereafter, on June 9, 2005, Naranjo sent a letter to Commercial Coin which expressed numerous concerns regarding poor maintenance of the laundry equipment as well as hazardous conditions of one of the laundry rooms. Naranjo in-formed Commercial Coin that while it was Park P's "intention to honor the agreement that [Commercial Coin] made with the previous owner," Park P would not do so unless Commercial Coin agreed in writing to accept "full liability for any eventual accident...." *Id.* at 104–05. Commercial Coin has never accepted in writing Park P's offer. Park P has accepted laundry services provided by Commercial Coin and has paid for some of the utilities necessary for the operation of the laundry equipment.

On February 26, 2008, Park P filed a complaint to quiet title and seeking a declaratory judgment that the Lease between Commercial Coin and the prior owner is void as to Park P. Park P also sought damages from Commercial Coin for trespass due to its refusal to remove the laundry machines from the Demised Premises. On March 2, 2009, Commercial Coin filed a motion to dismiss alleging comity or, in the alternative, improper venue, which motion the trial court ultimately denied. On July 1, 2009, Park P filed a motion for summary judgment asserting that there is no genuine issue of material fact and that the Lease is void as a matter of law. Commercial Coin filed a response in opposition to Park P's motion for summary judgment on September 9, 2009, asserting, among other things, that pursuant to the Lease, Illinois rather than Indiana law should apply to resolution of the issues herein. The trial court held a hearing on November 13, 2009. Thereafter, the trial court granted summary judgment in favor of Park P, concluding that any lease agreement regarding the Demised Premises was not properly recorded under Indiana Law and, therefore, was void as a matter of law with regard to Park P as a subsequent purchaser of the apartment property. The trial court further concluded that Illinois law did not apply to resolve the issues

presented. This appeal by Commercial Coin ensued.

### Discussion and Decision

■■■ Our standard of review for summary judgment is well settled. Indiana Trial Rule 56(C) provides that summary judgment is appropriate when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact and that judgment as a matter of law is appropriate. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 975 (Ind.2005). If the moving party meets these two requirements, the burden shifts to the nonmovant to specifically designate facts showing that there is a genuine issue for trial. *Estate of Hofgesang v. Hansford*, 714 N.E.2d 1213, 1216 (Ind.Ct.App.1999). When reviewing summary judgment, we apply the same standard as the trial court and construe all facts and reasonable inferences to be drawn from those facts in favor of the nonmoving party. *Butler v. City of Indianapolis*, 668 N.E.2d 1227, 1228 (Ind.1996). Where material facts conflict, or undisputed facts lead to conflicting material inferences, entry of summary judgment is inappropriate. *Id.* We carefully scrutinize a trial court's grant of summary judgment to assure that the losing party is not improperly prevented from having its day in court. *Id.*

We first address Commercial Coin's argument that the trial court erred when it applied Indiana, rather than Illinois, law to this dispute. Commercial Coin's argument is founded upon a provision in the Lease that stated in part that "this Agreement shall be governed by the laws of the State of Illinois." Appellant's App. at 91. We agree with Commercial Coin that Indiana choice of law doctrine favors contractual stipulations as to the governing law. *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind.2002). However, neither the trial court nor this Court is called upon at this juncture to interpret the Lease as it applies to the relationship between Commercial Coin and Park P. Instead, we are faced with the question of whether the unrecorded Lease is void as a matter of law pursuant to Indiana recording statutes.[2] Thus, Indiana law governs.

■■■ Park P argues that summary judgment is appropriate because the ten-year Lease between Commercial Coin and the prior owner was never recorded and thus, is void as a matter of law against Park P as a subsequent purchaser. Indiana statutory law specifically requires the recordation of real estate leases in excess of three years. Indeed, Indiana Code Section 32–31–2–1 provides that not more than forty-five days after its execution, a lease of real estate for a period longer than three years shall be recorded in the Miscellaneous Record in the recorder's office of the county in which the real estate is located. Indiana Code Section 32–31–2–2 then further provides:

> If a lease for a period longer than three (3) years is not recorded within forty-five (45) days after its execution, the lease is void against any subsequent purchaser, lessee, or mortgagee who ac-

---

**2.** We note that in the event that choice of law becomes an issue down the road, we are not convinced that Indiana and Illinois substantive law would truly differ as to the rights of the parties. Indeed, before getting entangled in "messy issues of conflict of laws," the trial court "ought to satisfy itself that there is actually a difference between the relevant laws of the different states." *See Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind.Ct.App.1997), *trans. denied.*

quires the real estate in good faith and for valuable consideration.

The recording statutes provide protection to subsequent purchasers, lessees, and mortgagees. *Meyer v. Marine Builders, Inc.,* 797 N.E.2d 760, 774 (Ind.Ct.App. 2003) (citing *Szakaly v. Smith,* 544 N.E.2d 490, 491 (Ind.1989)).

■ Pursuant to the statutory language, an unrecorded lease in excess of three years is void against any subsequent purchaser, lessee, or mortgagee who acquires the real estate "in good faith and for valuable consideration." Ind.Code § 32–31–2–2. In other words, an unrecorded lease in excess of three years is void as a matter of law against a bona fide purchaser. Indiana has long recognized that "to qualify as a bona fide purchaser, one has to purchase in good faith, for valuable consideration, and without notice of the outstanding rights of others." *Keybank Nat'l Ass'n v. NBD Bank,* 699 N.E.2d 322, 327 (Ind.Ct.App.1998). "The theory behind the bona fide purchaser defense is that every reasonable effort should be made to protect a purchaser of legal title for a valuable consideration without notice of a legal defect." *Kumar v. Bay Bridge, LLC,* 903 N.E.2d 114, 116 (Ind.Ct.App.2009) (quoting *S & S Enter. v. Marathon Ashland Petroleum, LLC,* 799 N.E.2d 18, 23 (Ind.Ct.App.2003)).[3]

To establish that the Lease in the instant case is void as a matter of law, it was incumbent upon Park P as the movant for summary judgment to designate undisputed evidentiary material that demonstrates that, at the time Park P purchased the apartment complex, Park P was a bona fide purchaser of the property. The parties do not appear to dispute that Park P purchased the property for valuable consideration. Accordingly, we must determine whether the undisputed evidence establishes that Park P was acting in good faith and without notice of the outstanding rights of Commercial Coin.

■ "The law recognizes both constructive and actual notice." *Bank of New York v. Nally,* 820 N.E.2d 644, 648 (Ind. 2005). Constructive notice "is a legal inference from established facts." *Ashland Pipeline Co. v. Ind. Bell Tel. Co., Inc.,* 505 N.E.2d 483, 487 (Ind.Ct.App.1987), *trans. denied.* A "purchaser of real estate is presumed to have examined the records of such deeds as constitute the chain of title thereto under which he claims, and is charged with notice, actual or constructive, of all facts recited in such records showing encumbrances, or the non-payment of purchase-money." *Id.* (citation omitted). "However, '[a] record outside the chain of title does not provide notice to bona fide purchasers for value.'" *Bank of New York,* 820 N.E.2d. at 648–49 (quoting *Szakaly,* 544 N.E.2d at 492). The recording of an instrument in its proper book is fundamental to the scheme of providing constructive notice through the records. *Keybank,* 699 N.E.2d at 327. An otherwise valid instrument which is not entitled to be recorded, improperly recorded, or recorded outside the chain of title does not operate as con-

---

**3.** Park P makes much of the fact that the statutory language does not include the specific phrase "without notice" in its description of a subsequent purchaser. Appellee's Br. at 16. However, the statutory language does include the requirement of good faith, and a good-faith or bona fide purchaser is presumed to be one without notice. *See* BLACK'S LAW DICTIONARY 1271 (8th ed. 2004) (indicating that terms bona fide purchaser and good-faith purchaser are synonymous); *see also Weathersby v. JPMorgan Chase Bank, N.A.,* 906 N.E.2d 904, 909 (Ind.Ct.App.2009) (bona fide purchaser is one who purchases property in good faith, for valuable consideration, and without notice of outstanding rights of others).

structive notice, although binding upon persons having actual notice. *Id.*

Actual notice is that directly and personally given to the person to be notified. *Id.* Actual notice can be divided into two categories: express, which is direct communication; and implied, which is inferred from the fact that the person charged had means of knowledge which he did not use. *Id.* "Whatever fairly puts a person on inquiry is sufficient notice where the means of knowledge are at hand; and if he omits to inquire, he is then chargeable with all the facts which, by a proper inquiry, he might have ascertained." *Ashland Pipeline,* 505 N.E.2d at 487. Notice is actual where the purchaser is aware of the adverse claim or title or has such information as would lead to knowledge. *Guthrie v. Nat'l Adver. Co.,* 556 N.E.2d 337, 338 (Ind.Ct.App.1990). "A purchaser who has notice of facts making it incumbent upon him to make due inquiry is bound by all the knowledge which a reasonable inquiry would have imparted and actual notice may be implied therefrom." *Id.* Whether notice can be implied or imputed in any given case is a question of fact to be determined objectively from the totality of the circumstances. *Keybank,* 699 N.E.2d at 327; see *also Rogers v. City of Evansville,* 437 N.E.2d 1019, 1027 (Ind. Ct.App.1982).

The undisputed facts establish that Commercial Coin failed to record the Lease and belatedly recorded a technically defective lease memorandum.[4] Therefore, Park P made a prima facie showing that it did not have constructive notice through Indiana's recording statutes of Commercial Coin's leasehold interest in the Demised Premises at the time it purchased the apartment property. *See Keybank,* 699 N.E.2d at 327 (constructive notice is provided when a valid instrument is properly acknowledged and placed on the record as required by statute). However, our inquiry does not end there. Commercial Coin designated significant evidence to create a genuine issue of material fact as to whether Park P had actual implied notice of Commercial Coin's outstanding rights at the time Park P purchased the property and, thus, a genuine issue of material fact remains as to whether Park P was a bona fide purchaser.

The evidence designated by Commercial Coin indicates that at the time Commercial Coin installed its laundry equipment in the Demised Premises, Commercial Coin placed large signs on the walls of the laundry rooms and labels on each of the laundry machines which stated that the machines were owned and operated by Commercial Coin pursuant to a written lease agreement for the premises. It is undisputed that Commercial Coin's laundry equipment remained in the Demised Premises at the time Park P purchased the apartment property. This evidence is sufficient to establish that Park P may have had implied actual notice, or should be imputed with such notice, of Commercial Coin's leasehold interest prior to its purchase of the apartment property. The Indiana Supreme Court has held that " 'one who fails to examine land which he is about to purchase, and to inquire as to the rights of one in possession, is not

---

4. Indiana Code Section 36–2–11–20 provides that a memorandum of a lease may be recorded in lieu of a lease itself if the memorandum is executed by the lessor and lessee and contains certain pertinent information. The designated evidence indicates that on April 10, 2000, Commercial Coin belatedly recorded a lease memorandum that did not contain the requisite information. While such recording may have been technically defective, whether the memorandum is void as a matter of law as to Park P still turns on the question of Park P's status as a subsequent purchaser in good faith.

acting in good faith and will not be treated as a bona fide purchaser.'" *Thomas v. Thomas,* 923 N.E.2d 465, 470 (Ind.Ct.App. 2010) (quoting *Mishawaka, St. Joseph Loan & Trust Co. v. Neu,* 209 Ind. 433, 443, 196 N.E. 85, 90 (1935)). Whether Park P can be imputed with notice of Commercial Coin's leasehold interest remains a question of fact to be determined from the totality of the circumstances.[5]

A genuine issue of material fact exists as to whether Park P was a subsequent purchaser in good faith of the apartment property. Therefore, the trial court erred when it concluded that any lease agreement regarding the Demised Premises was void as a matter of law pursuant to Indiana Code Section 32–31–2–2. We reverse the trial court's entry of summary judgment and remand for further proceedings consistent with this opinion.

Reversed and remanded.

FRIEDLANDER, J., and BARNES, J., concur.

---

Michael K. Sutherlin, Samule M. Adams, Michael K. Sutherlin & Associates, Indianapolis, IN, Attorneys for Appellant.

---

**5.** Although Park P maintains that the signs and labels were insufficient to constitute notice of Commercial Coin's leasehold interest in the property, we remind Park P that notice is a question of fact. *See Keybank,* 699 N.E.2d at 327.